# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| IN RE: AIROCARE, INC., ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ERIK B. YOUNG, M.D., ) | |
| JOYCE D.C. YOUNG, and ) | |
| ) | Case No. 10-14519-RGM |
| EBY FAMILY, LLC, ) | Chapter 11 |
| Movants, ) | |
| v. ) | |
| AIROCARE, INC., ) | |
| Respondent. ) | |

## MOTION FOR RELIEF FROM STAY TO PERMIT
## PURSUIT OF STATE COURT REMEDIES

Movants Erik B. Young, M.D., Joyce D.C. Young, and EBY Family, LLC (the "Movants"), by counsel, pursuant to 11 U.S.C. § 362(a), Bankruptcy Rules 4001 and 9014, and Local Bankruptcy Rule 4001(a), move this Court to grant Movants' Motion for Relief from Stay to Permit Pursuit of State Court Remedies and for entry of an Order (i) lifting the automatic stay afforded the Debtor by 11 U.S.C. § 362 to enable the Movants to exercise their lawful state court

---

Timothy B. Hyland (VSB No. 31163)
Stein, Sperling, Bennett, De Jong
Driscoll & Greenfeig, P.C.
25 W. Middle Lane
Rockville, MD 20850
(301) 340-2020
Counsel for Movants

1634371_5

remedies; and (ii) waiving the stay referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3), and in support thereof state as follows:

1. The bankruptcy court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(G).

2. Pursuant to 11 U.S.C. § 362(d)(1), "the court shall grant relief from the [automatic] stay . . . for cause . . . ."

3. Movants assert that cause exists in this case to permit their exercise of lawful state court remedies.

4. "Cause" is not defined in the Bankruptcy Code, so the courts must make this determination on a case by case basis. In re Meredith, 337 B.R. 574 (E.D. Va. 2005). Courts "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992).

> The factors that courts consider in deciding whether to lift the automatic stay include (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether nullifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

Id.

5. At the time of the initiation of this case, the Debtor was named as a Defendant in a Maryland Circuit Court civil case over disputed claims filed by the Movants over Maryland Securities Act violations and other exclusively state law causes of action. See Exhibit 1.

6. Allowing Movants relief from stay will not disrupt the operations of the corporation while it pursues bankruptcy, because AirOcare, Inc. is not in operation and has no employees at this time. Additionally it is Movants' understanding that AirOcare, Inc. currently is making no sales and has no customers.

7. The Movants' case against the remaining co-defendants in the Montgomery County, Maryland Circuit Court is set to continue by operation of law despite the filing of this bankruptcy case. The remaining co-defendants in Maryland Circuit Court are former officers and directors of AirOcare, Inc. who are being sued under the Maryland Securities Act, among other state law causes of action.

8. Due to the disputed nature of the claims, the Movants will be forced to try the facts pursuant to Maryland causes of action both in this Court and in Montgomery County Circuit Court. Further, under pertinent sections of the Maryland Securities Act, a plaintiff must obtain judgment against the corporate entity in order to hold the responsible officers and directors liable pursuant to Md. Code Ann., Corps. & Ass'ns § 11-703. See generally Baker, Watts & Co. v. Miles & Stockbridge, 95 Md. App. 145, 172-175, 620 A.2d 356, 369-371 (1993). Therefore, the Movants have been and continue to be severely prejudiced by the automatic stay.

9. Nullifying the stay will promote judicial economy.

10. If the stay is not lifted, the bankruptcy case will be greatly interfered by having to settle the factual disputes surrounding Movants' civil claims outlined in the Amended Complaint attached hereto and incorporated by reference as Exhibit 1.

11. If a judgment is obtained in Montgomery County Circuit Court, the Debtor can be protected by having it properly enforced through this bankruptcy court.

1634371_5

12. Specifically, the liability to Movants stems from the securities of AirOcare, Inc. which Plaintiffs purchased from Defendants. These securities include the following: Senior Convertible Promissory Note, dated June 1, 2008, in the amount of $900,000; Senior Convertible Promissory Note, dated October 14, 2008, in the amount of $100,000; Senior Convertible Promissory Note, dated November 25, 2008, in the amount of $100,000; Senior Convertible Promissory Note, dated January 5, 2009, in the amount of $100,000; Senior Convertible Promissory Note, dated February 25, 2009, in the amount of $100,000; Promissory Note, dated April 29, 2009, in the amount of $5,000; Senior Convertible Promissory Note, dated June 1, 2008, in the amount of $125,000; Senior Convertible Promissory Note, dated October 25, 2008, in the amount of $100,000; Common Stock Purchase Warrant, Number 55, dated March 12, 2008, Converted to 25,000 shares of common stock on August 3, 2009; Common Stock Purchase Warrant, Number 56, dated July 31, 2008; Common Stock Purchase Warrant, Number 59, dated January 30, 2009; Common Stock Purchase Warrant, Number 60, dated March 4, 2009; Common Stock Purchase Warrant, Number 61, dated May 20, 2009 (collectively, "Securities"). See Exhibit 2.

13. The unsecured claim described in Paragraph No. 12 is made up in substantial part of a liquidated principal sum owed to the Movants in the amount of $1,530,000.

\*    \*    \*

WHEREFORE, Movants Erik B. Young, M.D., Joyce D.C. Young, and EBY Family, LLC respectfully request that this Court grant Movants' Motion for Relief from Stay to Permit Pursuit of State Court Remedies and to enter an Order (i) lifting the automatic stay afforded the Debtor by 11 U.S.C. § 362 to enable the Movants to exercise their lawful state court remedies; (ii) waiving the stay referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3), and (iii) affording to the Movants any such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        <u>/s/ Timothy B. Hyland                </u>
        Timothy B. Hyland
        Virginia State Bar No. 31163
        **Counsel for Movants**
        Stein, Sperling, Bennett, De Jong,
           Driscoll & Greenfeig, P.C.
        25 West Middle Lane
        Rockville, Maryland  20850
        Tel: (301) 340-2020
        Fax: (301) 354-8314
        thyland@steinsperling.com

CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of June, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Eric Wells
4430 Mercure Circle
Suite 150
Dulles, VA 20166
Debtor Designee

Lawrence Allen Katz
Venable LLP
8010 Towers Crescent Drive
Suite 300
Vienna, VA 22182
Counsel for Debtor

W. Clarkson McDow, Jr.
Office of the U.S. Trustee
115 South Union Street
Alexandria, VA 22314
U.S. Trustee

    /s/ Timothy B. Hyland
    Timothy B. Hyland
    Virginia State Bar No. 31163
    **Counsel for Movants**
    Stein, Sperling, Bennett, De Jong,
      Driscoll & Greenfeig, P.C.
    25 West Middle Lane
    Rockville, Maryland  20850
    Tel: (301) 340-2020
    Fax: (301) 354-8314
    thyland@steinsperling.com

1634371_5