# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## (Alexandria Division)

| | |
|---|---|
| In re: | |
| AIROCARE, INC., | Case No. 10-14519-RGM |
| Debtor. | (Chapter 11) |

**MOTION TO (I) APPROVE DISCLOSURE STATEMENT, (II) ESTABLISHING A DEADLINE FOR FILING PROOFS OF CLAIM BY SCHEDULED, DISPUTED CREDITORS, (III) APPROVE FORMS OF BALLOT, (IV) ESTABLISH VOTING DEADLINE AND PROCEDURES FOR VOTE TABULATION, AND (V) APPROVE FORM OF NOTICE**

AirOcare, Inc. (the "Debtor"), by this motion (the "Motion"), respectfully requests that this Court enter an order: (i) approving the proposed disclosure statement (the "Disclosure Statement") for the Chapter 11 Plan of Reorganization of AirOcare, Inc. (the "Plan") as may be further amended or supplemented and including all exhibits and supplements thereto; (ii) establishing a deadline for filing proofs of claim by scheduled, disputed creditors; (iii) approving the form of ballots for voting to accept or reject the Plan; (iv) establishing a voting deadline and procedures for vote tabulation; and (v) approving a form of notice.[1] In support of this Motion, the Debtor represents as follows:

---

[1] Unless otherwise defined herein, all capitalized terms are to be given their meaning in the Debtor's proposed Plan of Reorganization, filed on November 24, 2010 [Docket No. 126].

Lawrence A. Katz (VSB 47664)
Frederick W. H. Carter (VSB 80204)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone: (703) 760-1600
Facsimile: (703) 821-8949

*Counsel to AirOcare, Inc.*

**Jurisdiction**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

2. The bases for the relief requested by this Motion are §§ 105, 502, 1125 and 1126 of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 3017 and 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On May 29, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court (the "Bankruptcy Court").

4. Since the Petition Date, the Debtor has continued to operate and manage its business and financial affairs as a debtor in possession under §§ 1107 and 1108 of the Bankruptcy Code. No committee, trustee, or examiner has been appointed in this case.

5. On November 24, 2010, the Debtor filed a Chapter 11 Plan of Reorganization [Docket No. 126] and a proposed disclosure statement in connection with such Plan [Docket No. 127]. The Court has set a hearing on approval of the Disclosure Statement for January 11, 2011 at 11:00 a.m. (the "Disclosure Statement Hearing").

**Relief Requested**

6. By this Motion, the Debtor seeks entry of an order (the "Disclosure Statement Order"), in substantially the same form as attached hereto as Exhibit A, (i) approving the proposed Disclosure Statement as it may be further amended or supplemented and including all exhibits and supplements thereto; (ii) establishing a deadline for filing proofs of claim by scheduled, disputed creditors; (iii) approving the form of ballots for voting to accept or reject the

Plan; (iv) establishing a voting deadline and procedures for vote tabulation, and (v) approving a form of notice establishing deadlines in connection therewith.

**Basis for the Relief Requested**

**I.  Approval of Disclosure Statement**

7.  Section 1125(b) of the Bankruptcy Code requires that a plan proponent provide "adequate information" regarding a debtor's proposed plan of reorganization. Section 1125(a)(1) defines "adequate information" as follows:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

See In re A.H. Robins, Co., 880 F.2d 694 (4th Cir. 1989); Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.), 25 F. 3d 1132, 1136 (2d Cir. 1994).

8.  The Court has broad discretion in examining the adequacy of the information contained in a disclosure statement. See A.H. Robins at 696 ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."). The determination should take into account the expertise and resources, including the advice of outside professionals and relevant information already possessed or publicly available, of the hypothetical investor of each class of claims or interests from which the debtor intends to solicit acceptance or rejection of the proposed chapter 11 plan. See In re Zenith Elec. Corp., 241 B.R. 92, 99-100 (Bankr. D. Del. 1999).

9.  The Debtor respectfully submits that the Disclosure Statement complies with all aspects of § 1125 of the Bankruptcy Code. The Disclosure Statement contains all

- 3 -

MC1/313029

necessary information for holders of claims or interests to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, information regarding: (i) the Plan; (ii) the history of the Debtor, including the events leading to the commencement of this bankruptcy case; (iii) the operation of the Debtor's business; (iv) significant events during the bankruptcy case, including the settlement of conflicting claims regarding the Debtor's patents and pending litigation; (v) debtor in possession financing; (vi) the classification and treatment of claims and equity interests; (vii) proposed distributions under the Plan; (viii) means for implementation of the Plan; (ix) a liquidation analysis and other financial information; and (x) certain federal income tax law consequences of the Plan. The Disclosure Statement also provides creditors and parties in interest with sufficient notice regarding the discharge and injunction provisions contained in the Plan, as required by Bankruptcy Rule 3016(c).

10. The Debtor served notice of the hearing on the Disclosure Statement to all creditors and parties in interest on November 30, 2010 [Docket No. 136]. The Disclosure Statement Hearing is presently scheduled for January 11, 2011 at 11:00 a.m. Objections to the Disclosure Statement must be filed no later than January 4, 2011.

## II. Establishment of a Deadline for Filing Proofs of Claim by Scheduled, Disputed, Contingent or Unliquidated Creditors

11. Under Local Bankruptcy Rule 3003-1, a notice must be served upon all creditors whose claims are scheduled as disputed, contingent or unliquidated. The notice must be served within 14 days of the filing of the debtor's schedules.

12. Inadvertently, the Rule 3003 notice was not timely served upon the appropriate creditors. Rather, when it was discovered that the notice had not been served, counsel for the Debtor immediately served all disputed, contingent and unliquidated creditors

- 4 -

MC1/313029

with appropriate notice.  See Notice of Disputed, Contingent, and/or Unliquidated Claims filed on November 11, 2010 [Docket No. 118].

13.     To achieve finality for purposes of voting on and distribution under the Plan, the Debtor proposes that the Court establish a deadline of January 31, 2011 for the filing of claims by all creditors whose claims are scheduled as disputed, contingent or unliquidated. Because the Rule 3003 notice was served on November 11, 2010, the Debtor submits that ample notice and opportunity to file claims will have been provided to all affected creditors.

14.     To provide notice of the deadline for filing proofs of claim to all creditors whose claims are scheduled as disputed, contingent or unliquidated, the Debtor proposes to mail to all such creditors a notice in the form attached hereto as Exhibit B.

**III.     Proposed Form of Ballots, Voting Deadline, and Procedures for Vote Tabulation**

15.     The Debtor requests approval of the proposed form of ballots, attached hereto respectively as Exhibit C (the ballot for the Class 1 secured claim) and Exhibit D (the ballot for Class 3 general unsecured claims) (collectively, the "Ballots").  The Ballots conform substantially to Official Bankruptcy Form 14.

16.     The Debtor further requests that the Court order creditors seeking to vote on the Plan to send all Ballots, by first class mail or commercial overnight delivery service only, to the Debtor's counsel, Lawrence A. Katz, Venable LLP, 8010 Towers Crescent Drive, Suite 300, Vienna, Virginia 22182, so as to be received by March 1, 2011 (the "Voting Deadline") which is seven (7) days before the March 8, 2011 Confirmation Hearing proposed by the Debtor below.

17.     For purposes of voting on the Plan only, the Debtor proposes that the amount of a Claim used to vote on the Plan shall be:

MC1/313029

(a) unless a proof of claim has been filed, the amount listed in the Debtor's schedules of liabilities (as amended, the "Schedules") provided that such Claim is not scheduled as contingent, disputed or unliquidated;

(b) the liquidated amount specified in a timely filed proof of claim to the extent that the proof of claim is not the subject of an objection which has been filed no later than February 7, 2011; or

(c) the amount temporarily allowed by order of the Court for voting purposes, after notice and a hearing concluded prior to the Voting Deadline.

18. The Debtor also requests the Court to order that if a creditor casts a Ballot and (a) the creditor has not timely filed a proof of claim and is listed on the Schedules as holding a Claim that is contingent, unliquidated or disputed, or (b) the creditor has filed a proof of claim and the creditor's Claim is the subject of an objection filed no later than February 7, 2011, such creditor's Ballot shall not be counted, unless temporarily allowed by Court order for voting purposes, after notice and a hearing concluded prior to the Voting Deadline.

19. The Debtor further requests that the Court order that Ballots cast by creditors whose Claims are not listed on the Schedules but who timely filed proofs of claim in unliquidated or unknown amounts be counted for satisfying the numerosity requirement of § 1126(c) of the Bankruptcy Code but valued at zero and not counted toward satisfying the aggregate dollar amount requirements of that section of the Bankruptcy Code.

20. The Debtor also requests that the following voting procedures and standard assumptions be used in tabulating votes to accept or reject the Plan:

(a) If a creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, the last Ballot received prior to the Voting Deadline shall be deemed to reflect such voter's intent and to supersede any prior Ballot(s) which shall be disregarded for voting purposes;

(b) A Ballot signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other acting in a fiduciary or representative capacity when signing, must be

submitted with evidence satisfactory to the Debtor of such signer's authority to act on behalf of the holder of the Claim;

(c) The Debtor, in its discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtor may, in its discretion, reject such Ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Plan by the Court;

(d) Unless otherwise ordered by the Court, all questions as to the validity, form, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor in its discretion;

(e) Subject to contrary order of the Court, the Debtor reserves the right to reject any and all Ballots not proper in form or for other good cause, the acceptance of which would, in the opinion of the Debtor, not be in conformity with the provisions of the Bankruptcy Code;

(f) Subject to contrary order of the Court, the Debtor further reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot;

(g) Unless waived, any defects or irregularities in connection with the delivery of Ballots must be cured within such time as the Debtor (or the Court) determines. Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted; and

(h) Any vote purportedly cast on behalf of an impaired Class will not count for voting purposes unless and until the Class is certified by the Court pursuant to a proof of claim to which no objection has been filed, or if an objection has been filed to such proof of claim, such claim has been temporarily certified for purposes of voting in an allowed amount.

**IV.     Form of Notice of Confirmation Hearing, Voting Deadline, and Procedures**

21.     The Debtor requests approval of the notice substantially in the form attached hereto as Exhibit D (the "Notice").  The Notice shall contain, *inter alia*, (i) the date, time and place of the hearing on confirmation of the Plan, (ii) the deadline for filing objections to confirmation of the Plan, (iii) the Voting Deadline, and (iv) the procedures for vote tabulation.  The Debtor submits that the Notice complies with the notice requirements of Bankruptcy Rule 2002(b).

22.     The Plan includes four classes, as follows:

Class 1 consists of Allowed Secured Claims.

Class 2 consists of Allowed Claims entitled to priority of payment under
    § 507 of the Bankruptcy Code

Class 3 consists of Allowed Unsecured Claims.

Class 4 consists of Equity Interests in AirOcare, including all common and
    preferred shares and warrants.

23.     Under the Plan, Class 1 and Class 3 are impaired and entitled to vote.  Class 2 and Class 4 are unimpaired within the meaning of § 1124 of the Bankruptcy Code and thus not entitled to vote.

24.     The Debtor proposes to send a copy of the Disclosure Statement Order, Plan, Disclosure Statement, and Notice to each holder of a Claim or Equity Interest; however, only holders of Claims in those Classes entitled to vote shall receive a Ballot.  The Debtor also proposes to send copy of the Disclosure Statement Order, Plan, Disclosure Statement, and Notice to those entities or individuals that have filed and served on Debtor's counsel a notice of appearance and request for service of papers in these cases pursuant to Bankruptcy Rule 2002, unless such party is otherwise entitled to receive solicitation materials as the holder of a Claim or Equity Interest

### Waiver Of Memorandum of Points and Authorities

25. This Motion includes citations to applicable statutory authority and a discussion of their application to this Motion. The Debtor submits that such citations and discussion satisfy the requirement imposed by Rule 9013-1 of the Local Bankruptcy Rules for the Eastern District of Virginia that this Motion be accompanied by a separate memorandum of law in support of this Motion.

### No Previous Request

26. No previous motion seeking the relief requested herein has been made by AirOcare to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached as Exhibit A hereto; (i) approving the proposed Disclosure Statement; (ii) establishing a deadline for filing proofs of claim by scheduled, disputed creditors; (iii) approving the form of ballots for voting to accept or reject the Plan; (iv) establishing a voting deadline and procedures for vote tabulation; (v) approving a form of notice; and (vi) granting the Debtor such other relief as is just and appropriate.

Dated: December 27, 2010

*/s/ Lawrence A. Katz*
Lawrence A. Katz (VSB No. 47664)
Frederick W. H. Carter (VSB No. 80204)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone: (703) 760-1600
Facsimile: (703) 821-8949
lakatz@venable.com
fwcarter@venable.com

*Counsel to AirOcare, Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of December, 2010, a copy of the foregoing Motion to (I) Approve Disclosure Statement, (II) Establishing a Deadline for Filing Proofs of Claim by Scheduled, Disputed Creditors, (III) Approve Forms of Ballot, (IV) Establish Voting Deadline and Procedures For Vote Tabulation, and (V) Approve Form of Notice was sent, via first class United States mail, postage prepaid, or electronic transmission, to the following parties:

Frank Bove
Office of United States Trustee
115 S. Union Street, Room 210
Alexandria, VA 22314

Christine Nicole Johnson
Protas Spivok & Collins, LLC
4330 East West Highway, Suite 900
Bethesda, MD 20814

Securities and Exchange Commission
Philadelphia Regional Office
The Mellon Independence Center
701 Market Street
Philadelphia, PA 19106-1532

Securities and Exchange Commission
Atlanta Regional Office
ATTN: Susan R. Sherrill-Beard, Esq.
3475 Lenox Road, N.E., Suite 1000
Atlanta, GA 30326-1232

Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

Alan Rosenblum, Esq.
Rosenblum & Rosenblum, LLC
P.O. Box 320039
Alexandria, VA 22314

*/s/ Lawrence A. Katz*
Lawrence A. Katz