IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-14519-RGM |
| AIROCARE, INC., ) | (Chapter 11) |
| ) | |
| Debtor. ) | |
| ) | |

# REPLY TO OBJECTION OF JACK PROUTY, STUART RUTCHIK AND TERRANCE WOODBRIDGE TO APPROVAL OF DEBTOR'S PROPOSED DISCLOSURE STATEMENT

AirOcare, Inc. (the "Debtor"), by counsel, hereby replies to the objection (the "Objection") filed by Jack Prouty ("Prouty"), Stuart Rutchik ("Rutchik") and Terrance Woodbridge ("Woodbridge" and together with Prouty and Rutchik, the "Former Insiders") to Debtor's Proposed Disclosure Statement:

## Preliminary Statement

The Former Insiders are defendants in an adversary proceeding filed by the Debtor in November of 2010 to recover $100,000 loaned to each of them by the Debtor prior to bankruptcy, and to recovery, among other things, unreimbursed personal expenses and excessive compensation as to some of the defendants. The issues raised in the Objection are predictable complaints voiced by deposed former members of management who are being sued for self-dealing, breach of fiduciary duties and unjust enrichment. The appropriate forum for debate on these issues is the pending adversary proceeding. None of the discontents outlined in the Objection bear on the sufficiency of disclosure which is the only issue before the Court.

Lawrence A. Katz (VSB No. 47664)
Frederick W. H. Carter (VSB No. 80204)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone: (703) 760-1600
Facsimile: (703) 821-8949

*Counsel to AirOcare, Inc.*

**Background**

1. On November 24, 2010, the Debtor filed its Chapter 11 Plan of Reorganization of AirOcare, Inc. [Docket No. 139] (the "Plan"). On the same day, the Debtor filed the Disclosure Statement for the Plan [Docket No. 140] (the "Disclosure Statement"). The Debtor subsequently filed its Motion to (i) Approve Disclosure Statement; (ii) Establish a Deadline for Filing Proofs of Claim by Scheduled, Disputed Creditors; (iii) Approve the Form of Ballots for Voting to Accept or Reject the Plan; (iv) Establish a Voting Deadline and Procedures for Vote Tabulation; and (v) Approve a Form of Notice (the "Disclosure Statement Approval Motion"). The hearing on the Disclosure Statement is presently set for 11:00 a.m. on January 11, 2011 (the "Disclosure Statement Hearing").

2. In the Objection, the Former Insiders asserts that the Disclosure Statement lacks adequate information to allow creditors and shareholders to make an informed judgment to accept or reject the Plan. They are mistaken. The Debtor respectfully submits that the Disclosure Statement in fact contains adequate information under the standard established by section 1125 of the Bankruptcy Code and applicable case law.

3. As described below, however, the Debtor will submit, at or prior to the Disclosure Statement Hearing, an amended Disclosure Statement that will address certain of the issues raised in the Objection. The Debtor intends to submit an amended Disclosure Statement not because of any alleged shortcomings in disclosure, but rather to avoid disputes and ensure prompt Court approval.

**Legal Standards**

4. Section 1125(b) of the Bankruptcy Code requires that a plan proponent provide "adequate information" regarding a debtor's proposed plan of reorganization. Section 1125(a)(1) defines "adequate information" as follows:

information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

See In re A.H. Robins, Co., 880 F.2d 694 (4th Cir. 1989).

5. A disclosure statement must contain adequate information to allow creditors to make an informed decision on how to vote on the plan. In re Pecht, 53 B.R. 768, 769 (Bankr. E.D. Va. 1985). Accordingly, the information provided in the disclosure statement "should be comprised of all factors presently known to the plan proponent that bears upon the success or failure of proposals contained in a plan." Id.. Furthermore, "adequate information" is to be determined by the facts and circumstances of each case. See In re Walker, 198 B.R. 476, 479 (Bankr. E.D. Va. 1996); Oneida Motor Freight v. United Jersey Bank (In re Oneida Motor Freight), 848 F.2d 414, 417 (3rd Cir. 1988), cert. denied 488 U.S. 967. See also In re Radco Prop., Case No. 08-03611-8-RDD at 25 (Bankr. E.D.N.C. March 9, 2009).

6. Thus, bankruptcy courts require a proper disclosure statement to clearly and succinctly inform creditors of: (i) what they are going to get; (ii) when they are going to get it; and (iii) what contingencies there are to getting their distribution. In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). See also Radco Prop. at 26.

7. The Court has broad discretion in examining the adequacy of the information contained in a disclosure statement. See A.H. Robins at 696 ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."). The determination should take into account the expertise and resources, including the advice of outside professionals and relevant information already possessed or publicly available, of the hypothetical investor of each class of

claims or interests from which the debtor intends to solicit acceptance or rejection of the proposed chapter 11 plan.  See In re Zenith Elec., 241 B.R. 92, 99-100 (Bankr. D. Del. 1999).

### The Objection is Late-Filed

8.     Pursuant to Local Bankruptcy Rule 3016-1(B), objections to the Disclosure Statement were due seven (7) days prior to the Disclosure Statement Hearing or January 4, 2011.  The Objection was filed on January 7, 2011, three days after the response deadline and therefore is late-filed.

### The Disclosure Statement is Adequate

9.     The Debtor submits that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code.  The Disclosure Statement contains all necessary information for holders of claims or interests to make an informed decision to vote to accept or reject the Plan.

10.    The Former Insiders challenge the sufficiency of disclosure regarding the Debtor's assets.  Among the "assets" referred to in the Objection are potential avoidance actions arising from the pre-petition repayment of certain bridge loans made to the Debtor to cover certain operating expenses.  The Debtor believes that the description of its assets contained in the Disclosure Statement is both accurate and complete.  To avoid dispute, however, the Debtor will submit additional detail regarding its assets in its amended Disclosure Statement, including the bridge loan repayments referred to in the Objection.

11.    The Former Insiders also complain that the $550,000 in estimated administrative claims described in the Disclosure Statement is not sufficiently descriptive to allow for informed plan voting.  The administrative expenses at issue are professional fees associated with this bankruptcy case, including fees of the Debtor's bankruptcy counsel, patent counsel and the Debtor's accountants.

12. The $550,000 administrative claim figure is the Debtor's best estimate of expenses. Given that the Debtor is involved in actively pursuing pending litigation with the Former Insiders, the exact amount of legal fees that the Debtor will incur is impossible to predict with absolute certainty. Under the Plan, the Debtor expects to pay administrative expenses upon the effective date of the Plan. The funds that will be available include (i) revenues from the Hussman license, (ii) proceeds from the DIP financing provided by ARC LLC and approved by the Court, (iii) any exit financing that may be provided by ARC LLC, and/or (iv) recoveries from the adversary proceeding pending against the Former Insiders.

13. The Objection also maintains that disclosure is inadequate regarding the Debtor's plans for future development of its technology and states that current management is not actively pursuing potential opportunities. These assertions are uninformed and inaccurate. Management has been actively negotiating through 2010 and into 2011 with Ingersoll Rand/Hussman regarding further development of its air purification technology. Due to a Court-approved settlement reached by the Debtor and Carlos Lima, all issues relating to the Debtor's rights in its intellectual property have now been laid to rest. Likewise, pursuant to a settlement between the Debtor and BB&T Bank that has been approved by the Court, the $125,000 garnishment served by BB&T Bank on Hussman (which was the result of events set in motion when the Former Insiders were employed by the Debtor) has been paid. As a result of these post-petition events, the revenue stream under the Hussman license agreement is once again flowing.

14. With this renewed income stream, the Debtor has entered into an agreement with Prototype Production, Inc. ("PPI"). PPI is presently hosting the Debtor's technical operations center in Dulles, Virginia. PPI is working with the Debtor's management to further develop the Debtor's technology which is expected to lead not only to increased

business with Hussman and its parent Ingersoll Rand, but also to the development of new products in fields of use outside the scope of the Hussman license. Many of these developments with regard to Ingersoll Rand and PPI are recent and ongoing in nature, but the Debtor will add additional detail regarding the development of its technology in its amended Disclosure Statement.

15. The Former Insiders complain about a lack of certainty of the success of the Debtor's business. As is the case with all chapter 11 reorganizations, the Plan is contingent in large part upon future events. The Debtor does not have a crystal ball and cannot predict the future with the degree of certainty that the Former Insiders apparently desire. Although feasibility of a chapter 11 plan is an issue to be addressed at plan confirmation, the law does not require a debtor to show absolute certainty that its plan will succeed. Rather, a debtor only needs to show that its plan has a reasonable chance for success. Kane v. Johns-Manville Corp., 843 F.2d 636, 649 (2d Cir. 1988). The Debtor has described in the Disclosure Statement the contingencies and risks associated with the Plan and has described a reasonable path for its success. The Debtor submits that under all of the circumstances, its disclosure is accurate and sufficient under the legal standards outlined above.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) approving the proposed Disclosure Statement; (ii) establishing a deadline for filing proofs of claim by scheduled, disputed creditors; (iii) approving the form of ballots for voting to accept or reject the Plan; (iv) establishing a voting deadline and procedures for vote tabulation; (v) approving a form of notice; and (vi) granting the Debtor such other relief as is just and appropriate.

Dated: January 10, 2011        */s/ Frederick W. H. Carter*
Lawrence A. Katz (VSB No. 47664)
Frederick W. H. Carter (VSB No. 80204)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone: (703) 760-1600
Facsimile: (703) 821-8949
lakatz@venable.com
keburgers@venable.com

*Counsel to AirOcare, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of January, 2011, a copy of the foregoing Reply to the Objection of Jack Prouty, Stuart Rutchik and Terrance Woodbridge to Approval of Debtor's Proposed Disclosure Statement was sent, via first class United States mail, postage prepaid, or electronic transmission, to the following parties:

Frank Bove
Office of United States Trustee
115 S. Union Street, Room 210
Alexandria, VA 22314

Securities and Exchange Commission
Philadelphia Regional Office
The Mellon Independence Center
701 Market Street
Philadelphia, PA 19106-1532

Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

Christine Nicole Johnson
Protas Spivok & Collins, LLC
4330 East West Highway, Suite 900
Bethesda, MD 20814

Securities and Exchange Commission
Atlanta Regional Office
ATTN: Susan R. Sherrill-Beard, Esq.
3475 Lenox Road, N.E., Suite 1000
Atlanta, GA 30326-1232

Alan Rosenblum, Esq.
Rosenblum & Rosenblum, LLC
P.O. Box 320039
Alexandria, VA 22314

Joseph A. Guzinski, Esq.
Office of United States Trustee
115 S. Union Street, Room 210
Alexandria, VA 22314

                                               */s/ Frederick W. H. Carter*
                                               Frederick W. H. Carter