# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| In re: | ) |
| | ) Case No. 10-14519-RGM |
| AIROCARE, INC., | ) (Chapter 11) |
| | ) |
| Debtor. | ) |
| | ) |

## REPLY TO OBJECTION BY ROBERT MCDONALD TO DEBTOR'S MOTION FOR APPROVAL OF THE ADEQUACY OF <u>PROPOSED DISCLOSURE STATEMENT</u>

AirOcare, Inc. (the "Debtor"), by counsel, hereby replies to the objection (the "Objection") filed by Robert McDonald ("McDonald") to Debtor's Motion for Approval of the Adequacy of Proposed Disclosure Statement:

### Preliminary Statement

McDonald is the former President and CEO of AirOcare. He is one of the defendants in an adversary proceeding filed by the Debtor in November of 2010 to recover $100,000 loaned to him by the Debtor prior to bankruptcy and to recover unreimbursed personal expenses and excessive compensation, among other things. The issues raised in the Objection are predictable complaints voiced by a deposed former member of management who is being sued for self-dealing and breach of fiduciary duties and unjust enrichment. The appropriate forum for debate on these issues is the pending adversary proceeding. None of the discontents outlined in the Objection bear on the sufficiency of disclosure which is the only issue before the Court.

Lawrence A. Katz (VSB No. 47664)
Frederick W. H. Carter (VSB No. 80204)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone: (703) 760-1600
Facsimile: (703) 821-8949

*Counsel to AirOcare, Inc.*

## Background

1. On November 24, 2010, the Debtor filed its Chapter 11 Plan of Reorganization of AirOcare, Inc. [Docket No. 139] (the "Plan"). On the same day, the Debtor filed the Disclosure Statement for the Plan [Docket No. 140] (the "Disclosure Statement"). The Debtor subsequently filed its Motion to (i) Approve Disclosure Statement; (ii) Establish a Deadline for Filing Proofs of Claim by Scheduled, Disputed Creditors; (iii) Approve the Form of Ballots for Voting to Accept or Reject the Plan; (iv) Establish a Voting Deadline and Procedures for Vote Tabulation; and (v) Approve a Form of Notice (the "Disclosure Statement Approval Motion"). The hearing on the Disclosure Statement is presently set for 11:00 a.m. on January 11, 2011 (the "Disclosure Statement Hearing").

2. In the Objection, McDonald asserts that the Disclosure Statement lacks adequate information to allow creditors and shareholders to make an informed judgment to accept or reject the Plan. He is mistaken. The Debtor respectfully submits that the Disclosure Statement in fact contains adequate information under the standard established by section 1125 of the Bankruptcy Code and applicable case law.

3. As described below, however, the Debtor will submit, at or prior to the Disclosure Statement Hearing, an amended Disclosure Statement that will address certain of the issues raised by McDonald in the Objection. The Debtor intends to submit an amended Disclosure Statement not because of any alleged shortcomings in disclosure, but rather to avoid disputes and ensure prompt Court approval.

- 2 -

MC1/315133

## Legal Standards

4. Section 1125(b) of the Bankruptcy Code requires that a plan proponent provide "adequate information" regarding a debtor's proposed plan of reorganization. Section 1125(a)(1) defines "adequate information" as follows:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

See In re A.H. Robins, Co., 880 F.2d 694 (4th Cir. 1989).

5. A disclosure statement must contain adequate information to allow creditors to make an informed decision on how to vote on the plan. In re Pecht, 53 B.R. 768, 769 (Bankr. E.D. Va. 1985). Accordingly, the information provided in the disclosure statement "should be comprised of all factors presently known to the plan proponent that bears upon the success or failure of proposals contained in a plan." Id.. Furthermore, "adequate information" is to be determined by the facts and circumstances of each case. See In re Walker, 198 B.R. 476, 479 (Bankr. E.D. Va. 1996); Oneida Motor Freight v. United Jersey Bank (In re Oneida Motor Freight), 848 F.2d 414, 417 (3rd Cir. 1988), cert. denied 488 U.S. 967. See also In re Radco Prop., Case No. 08-03611-8-RDD at 25 (Bankr. E.D.N.C. March 9, 2009).

6. Thus, bankruptcy courts require a proper disclosure statement to clearly and succinctly inform creditors of: (i) what they are going to get; (ii) when they are going to get it; and (iii) what contingencies there are to getting their distribution. In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). See also Radco Prop. at 26.

7. The Court has broad discretion in examining the adequacy of the information contained in a disclosure statement. See A.H. Robins at 696 ("The determination of

- 3 -

MC1/315133

what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."). The determination should take into account the expertise and resources, including the advice of outside professionals and relevant information already possessed or publicly available, of the hypothetical investor of each class of claims or interests from which the debtor intends to solicit acceptance or rejection of the proposed chapter 11 plan. See In re Zenith Elec., 241 B.R. 92, 99-100 (Bankr. D. Del. 1999).

### The Disclosure Statement is Adequate

8. The Debtor submits that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code. The Disclosure Statement contains all necessary information for holders of claims or interests to make an informed decision to vote to accept or reject the Plan.

9. McDonald makes much of the fact the Disclosure Statement does not comply with all nineteen factors cited by the court in In re Scioto Valley Mortgage, 88 B.R. 168, 170 (Bankr. S.D. Ohio 1988). However, at least one court citing the Scioto factors noted, "This list is by no means comprehensive. Nor must every debtor provide all the information on the list. The Court will decide what is appropriate in each particular case. Yet, information that is provided must be clear and comprehensible." Ferretti, 128 B.R. at 19.

10. The Debtor's creditors are, on the whole, sophisticated businesspeople, falling into two general categories: (i) trade vendors who had an ongoing relationship with the Debtor, and (ii) former employees, investors or members of management. In all instances, the creditors are businesspeople with an understanding of the risks associated with any business enterprise, including those with intellectual property as the primary asset.

11. Because McDonald was the President and CEO of the Debtor before he was removed by shareholders, he is aware of certain information about the Debtor, its history and assets. The Debtor's current management strongly disagrees with McDonald's interpretation of certain historical events. At the end of McDonald's complaints about the characterization or omission of historical detail in the Disclosure Statement, however, he never actually alleges that the disclosure of pre-bankruptcy events is inadequate.

12. McDonald's complaints about the Debtor's past history are not relevant to the adequacy of disclosure. Rather McDonald's complaints relate to disputes at issue in the adversary proceeding currently pending against McDonald and others. See <u>AirOcare, Inc. v. Chambers et al.</u>, Adv. Pro. No. 10-01481-RGM (the "Adversary Proceeding"). Adding detail to the Disclosure Statement about the various disputes at issue in the Adversary Proceeding will not make the Disclosure Statement more "clear and comprehensible," as the <u>Ferretti</u> court requires, but will instead merely distract creditors from issues that are germane to the Plan and the Debtor's efforts to reorganize.

13. Certain of the other objections raised by McDonald warrant specific responses. For example, McDonald complains that the "List of Equity Security Holders" which is "in the Proposed Disclosure Statement" is not accurate due to post-petition transfer of shares in the Debtor. Contrary to this assertion, the Disclosure Statement does not contain or exhibit a list of equity security holders. While some shares have changed hands following the filing of bankruptcy, the List of Equity Security Holders filed by the Debtor on June 14, 2010 [Docket No. 15] was accurate at the time that it was filed. Moreover, this information is not needed to allow a creditor to make an informed decision to accept or reject the Plan.

14. The Objection also maintains that the disclosure of DIP financing is not adequate because the identity of the members of the DIP lender, ARC, LLC, is not disclosed. The DIP financing was approved by the Court in August of 2010 after notice and a hearing and the identity of the owners of ARC LLC is not needed to allow for informed voting on the Plan. However, to avoid any dispute, the Debtor will submit the names of the members of ARC, LLC with the filing of its amended Disclosure Statement.

15. McDonald also challenges the sufficiency of disclosure regarding the Debtor's technology assets. The Debtor believes that the description of its assets contained in the Disclosure Statement is both accurate and complete. To avoid dispute, however, the Debtor will submit additional detail regarding its technology assets in its amended Disclosure Statement.

16. The Objection also maintains that disclosure is inadequate regarding the Debtor's plans for future development of its technology and states that current management is not actively pursuing potential opportunities. McDonald's assertions are uninformed and inaccurate. Management has been actively negotiating through 2010 and into 2011 with Ingersoll Rand/Hussman regarding further development of its air purification technology. Due to a Court-approved settlement reached by the Debtor and Carlos Lima, all issues relating to the Debtor's rights in its intellectual property have now been laid to rest. Likewise, pursuant to a settlement between the Debtor and BB&T Bank that has been approved by the Court, the $125,000 garnishment served by BB&T Bank on Hussman (which was result of events set in motion when McDonald was the Debtor's President and CEO) has been paid. As a result of these post-petition events, the revenue stream under the Hussman license agreement is once again flowing.

MC1/315133

17. With this renewed income stream, the Debtor has entered into an agreement with Prototype Production, Inc. ("PPI").  PPI is presently hosting the Debtor's technical operations center in Dulles, Virginia.  PPI is working with the Debtor's management to further develop the Debtor's technology which is expected to lead not only to increased business with Hussman and its parent Ingersoll Rand, but also to the development of new products in fields of use outside the scope of the Hussman license.  Many of these developments with regard to Ingersoll Rand and PPI are recent and ongoing in nature, but the Debtor will add additional detail regarding the development of its technology in its amended Disclosure Statement.

18. McDonald also complains about a lack of certainty of the success of the Debtor's business.  As is the case with all chapter 11 reorganizations, the Plan is contingent in large part upon future events.  The Debtor does not have a crystal ball and cannot predict the future with the degree of certainty that McDonald apparently desires.  Although feasibility of a chapter 11 plan is an issue to be addressed at plan confirmation, the law does not require a debtor to show absolute certainty that its plan will succeed.  Rather, a debtor only needs to show that its plan has a reasonable chance for success.  <u>Kane v. Johns-Manville Corp.</u>, 843 F.2d 636, 649 (2d Cir. 1988).  The Debtor has described in the Disclosure Statement the contingencies and risks associated with the Plan and has described a reasonable path for its success.  The Debtor submits that under all of the circumstances, its disclosure is accurate and sufficient under the legal standards outlined above.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) approving the proposed Disclosure Statement; (ii) establishing a deadline for filing proofs of claim by scheduled, disputed creditors; (iii) approving the form of ballots for voting to accept or reject the Plan; (iv) establishing a voting deadline and procedures for vote tabulation;

MC1/315133

(v) approving a form of notice; and (vi) granting the Debtor such other relief as is just and appropriate.

Dated: January 10, 2011                    */s/ Frederick W. H. Carter*
                                                 Lawrence A. Katz  (VSB No. 47664)
                                                 Frederick W. H. Carter (VSB No. 80204)
                                                 VENABLE LLP
                                                 8010 Towers Crescent Drive, Suite 300
                                                 Vienna, Virginia 22182
                                                 Telephone:  (703) 760-1600
                                                 Facsimile:  (703) 821-8949
                                                 lakatz@venable.com
                                                 keburgers@venable.com

                                                 *Counsel to AirOcare, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January, 2011, a copy of the foregoing Reply to the Objection filed by Robert McDonald to Debtor's Motion for Approval of the Adequacy of Proposed Disclosure Statement was sent, via first class United States mail, postage prepaid, or electronic transmission, to the following parties:

Frank Bove, Esq.
Office of United States Trustee
115 S. Union Street, Room 210
Alexandria, VA 22314

Christine Nicole Johnson, Esq.
Protas Spivok & Collins, LLC
4330 East West Highway, Suite 900
Bethesda, MD 20814

Securities and Exchange Commission
Philadelphia Regional Office
The Mellon Independence Center
701 Market Street
Philadelphia, PA 19106-1532

Securities and Exchange Commission
Atlanta Regional Office
ATTN: Susan R. Sherrill-Beard, Esq.
3475 Lenox Road, N.E., Suite 1000
Atlanta, GA 30326-1232

Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

Alan Rosenblum, Esq.
Rosenblum & Rosenblum, LLC
P.O. Box 320039
Alexandria, VA 22314

Craig M. Palik, Esq.
James Greenan, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

Joseph A. Guzinski, Esq.
Office of United States Trustee
115 S. Union Street, Room 210
Alexandria, VA 22314

　　　　　　　　　　　　　　　　　　　　*/s/ Frederick W. H. Carter*
　　　　　　　　　　　　　　　　　　　　Frederick W. H. Carter