**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10-14519-RGM |
| AIROCARE, INC., | ) | |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | |

**CHAPTER 11 PLAN OF REORGANIZATION
OF AIROCARE, INC.**

VENABLE LLP
Lawrence A. Katz (VA Bar No. 47664)
Frederick W. H. Carter (VA Bar No. 80204)
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia  22182
Telephone: 703-760-1600
Facsimile:  703-821-8949
lakatz@venable.com

*Counsel For Debtor
AiroCare, Inc.*

Dated:  November 24, 2010

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 10-14519-RGM |
| AIROCARE, INC., | ) | |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | |

## CHAPTER 11 PLAN OF REORGANIZATION OF AIROCARE, INC.

## INTRODUCTION

AirOcare, Inc. ("AirOcare" or "Debtor") proposes the following chapter 11 Plan of Reorganization (the "Plan") pursuant to § 1121(a) of the Bankruptcy Code.  The Plan provides for full payment of all Allowed Claims and the retention of all Equity Interests held as of the Effective Date.

## ARTICLE I

## DEFINITIONS

1.1.    **Scope of Definitions**. For purposes of the AirOcare Plan, all capitalized terms not otherwise defined shall have the meanings ascribed to them in Article I of the AirOcare Plan. Any term used in the AirOcare Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.  The words "herein," "hereof," "hereunder," and other words of similar import refer to the AirOcare Plan as a whole, not to any particular section, subsection or

Lawrence A. Katz (VSB 47664)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone:  (703) 760-1600
Facsimile:  (703) 821-8949

*Counsel to the Debtor*

clause, unless the context requires otherwise. Whenever it appears appropriate from the context, each term stated in the singular or the plural includes the singular and the plural, and each pronoun stated in the masculine, feminine or neuter includes the masculine, feminine and the neuter.

1.1.1. **<u>AirOcare</u>** means AirOcare, Inc., a Delaware corporation and the debtor and debtor-in-possession in the Chapter 11 Case.

1.1.2. **<u>Allowed Administrative Expense Claim</u>** means an Allowed Claim under § 503(b) of the Bankruptcy Code that is entitled to priority under § 507(a)(2) of the Bankruptcy Code.

1.1.3. **<u>Allowed Claim</u>** means a Claim (a) in respect of which a proof of claim was filed with the Bankruptcy Court on or before the Bar Date, or (b) which AirOcare scheduled but which was not scheduled as disputed, contingent, or unliquidated as to amount; and further as to any Claim either (c) no objection to its allowance has been filed with the Bankruptcy Court or, (d) if any objection has been filed, such objection has been overruled or the claim fixed as to amount and priority by agreement or by an order or judgment of the Bankruptcy Court which has become Final.

1.1.4. **<u>Allowed Equity Interest</u>** means an Equity Interest for which either no objection to its allowance has been filed or, if any objection has been filed, such objection has been denied or withdrawn or the Equity Interest fixed as to share and/or amount by a Final order.

1.1.5. **<u>Allowed Priority Claim</u>** shall mean an Allowed Claim entitled to priority of payment under §§ 507 (a)(4), (a)(5) or (a)(7) of the Bankruptcy Code.

1.1.6. **<u>Allowed Secured Claim</u>** means a Secured Claim that is an Allowed Claim.

**EXHIBIT A**

1.1.7.  **Allowed Unsecured Claim** means an Allowed Claim that is not an Allowed Administrative Claim, Allowed Secured Claim, Allowed Priority Claim or an Equity Interest.

1.1.8.  **ARC** means ARC, LLC, a limited liability company organized under the laws of the Commonwealth of Virginia.

1.1.9.  **Assets** means the assets of the Debtor and its estate.

1.1.10.  **Available Cash** means cash or cash equivalents (a) generated by the Reorganized Debtor through its operations after the Effective Date, (b) recovered from Causes of Action after the Effective Date, (c) transferred to the Reorganized Debtor by AirOcare on the Effective Date, or (d) generated by the Reorganized Debtor in any other way after the Effective Date.

1.1.11.  **Avoidance Actions** means all causes of action arising under chapter 5 of the Bankruptcy Code.

1.1.12.  **Bankruptcy Code** means the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §101, et seq.

1.1.13.  **Bankruptcy Court** means the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, or such other court that may have jurisdiction over the Chapter 11 Case.

1.1.14.  **Bar Date** means: (a) for Creditors other than governmental units (as defined in § 101(27) of the Bankruptcy Code), October 6, 2010, or (b) for governmental units, November 26, 2010.

1.1.15.  **Business Day** means any day other than a Saturday, Sunday or "legal holiday" as that term is defined in Bankruptcy Rule 9006(a)(6).

**EXHIBIT A**

1.1.16. **Cash Payment** means a check drawn on an account held by the Reorganized Debtor.

1.1.17. **Cause of Action** means any right, claim, or cause of action, including Avoidance Actions, either at law, in equity or otherwise, that AirOcare or its estate may possess against any entity.

1.1.18. **Chapter 11 Case** means the case under chapter 11 of the Bankruptcy Code commenced by the filing of AirOcare's voluntary petition and assigned Bankruptcy Case No. 10-14519-RGM.

1.1.19. **Claim** means a claim against AirOcare as defined in § 101(5) of the Bankruptcy Code.

1.1.20. **Closing Order** means the final decree issued by the Bankruptcy Court under § 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 closing the Chapter 11 Case.

1.1.21. **Confirmation Date** means the date upon which the Bankruptcy Court enters the Confirmation Order on its docket.

1.1.22. **Confirmation Order** means the order entered by the Bankruptcy Court confirming this Plan.

1.1.23. **Creditor** means any Entity that holds on the Effective Date a Claim against the Debtor that arose or is deemed to have arisen before the Effective Date, including a Claim against the Debtor of a kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code.

1.1.24. **Debtor** means AirOcare, Inc., the Debtor in possession in the Chapter 11 Case.

**EXHIBIT A**

1.1.25.  **Disallowed Claim** means a Claim, or any portion thereof, that (a) has been disallowed by a Final order of the Bankruptcy Court, or (b) has not been scheduled by the Debtor or is scheduled at zero or as contingent, disputed or unliquidated and as to which the Bar Date has passed but no proof of claim has been filed or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final order of the Bankruptcy Court or otherwise deemed timely filed under applicable law.

1.1.26  **Disclosure Statement** means the disclosure statement filed in connection with this Plan in the form approved by the Bankruptcy Court as containing adequate information under § 1125(b) of the Bankruptcy Code.

1.1.27.  **Disputed Claim** means any Claim that has not become an Allowed Claim.  If the word "Disputed" precedes a defined term describing a Claim, that phrase shall mean a Disputed Claim of the type described.

1.1.28.  **Effective Date** means the first Business Day following the Confirmation Date, provided that the Confirmation Order has not been stayed by an order of the Bankruptcy Court or other court of competent jurisdiction on or before such date.  If the Confirmation Order has been stayed on or before such date, the Effective Date shall be the date upon which such stay expires, is dissolved or is otherwise resolved.

1.1.29  **Entity** means an individual, corporation (of any type), limited liability company, partnership (of any type), association, joint stock company, joint venture, estate, trust, unincorporated organization, government or any political subdivision thereof, governmental unit, official or unofficial committee of creditors or equity holders or other entity.

1.2.30.  **Equity Interest** means any outstanding ownership interest in the Debtor, including, without limitation, interests evidenced by common or preferred stock, warrants and

**EXHIBIT A**

options or other rights to purchase or otherwise receive any ownership interest in the Debtor.

1.1.31. **Final** means, with respect to an order or judgment of the Bankruptcy Court, an order or judgment that (a) has not been reversed, modified, amended or stayed, and (b) as to which the time for filing an appeal has expired.

1.1.32. **Hussmann License Agreement** means that certain License Agreement dated September 7, 2007 by and between AirOcare and Hussmann Corporation and all amendments, supplements, exhibits and other agreements related thereto.

1.1.33. **Legal Interest** means the Federal judgment rate of interest as of the Petition Date.

1.1.34. **Petition Date** means May 29, 2010, the date on which AirOcare filed its voluntary Chapter 11 petition with the Bankruptcy Court.

1.1.35. **Plan** means this Chapter 11 Plan of Reorganization of AirOcare, as it may be amended in accordance with the terms hereof or modified in accordance with the Bankruptcy Code.

1.1.36. **Pro Rata** means, with respect to an Allowed Claim, proportionately, so that the ratio of the amount distributed to the holder of any one Allowed Claim is the same as the ratio of the total amount distributed to the holders of all Allowed Claims sharing in such distribution.

1.1.37. **Professional** means a professional person of the types identified in § 327(a) of the Bankruptcy Code whose employment has been approved by the Bankruptcy Court.

1.1.38. **Professional Fee Claim** means a Claim of a Professional for compensation or reimbursement of costs and expenses relating to services rendered after the

**EXHIBIT A**

Petition Date and prior to and including the Effective Date.

1.1.39. **Quarterly Installments** when used with regard to payments shall mean Cash Payments to be made on December 15, March 15, June 15, and September 15 of any applicable year in which payments are to be made under this Plan.

1.1.40. **Reorganized Debtor** means AirOcare, as re-organized pursuant to the terms of this Plan and the Confirmation Order.

1.1.41. **Schedules** means the schedules of assets and liabilities filed by the Debtor, as the same may be amended from time to time prior to the Effective Date.

1.1.42. **Secured Claim** means a Claim secured by property of AirOcare to the extent of the value of AirOcare's interest in the property securing such Claim.

1.1.43. **Secured Note** means the secured note payable to ARC and made by AirOcare which is secured by the Security Agreement.

1.1.44. **Security Agreement** means the security agreement dated May 28, 2010 between ARC and AirOcare.

1.1.45. **United States Trustee** means the office of the United States Trustee in Alexandria, Virginia, or such other office of the United States Trustee as may have oversight of the Chapter 11 Case.

1.1.46. **Unsecured Claim** means a Claim other than a Secured Claim, Administrative Expense Claim, or Priority Claim.

1.2. **Rules of Interpretation**. Unless otherwise specified, all references in the Plan to Sections, Articles, Schedules and Exhibits are references to Sections, Articles, Schedules and Exhibits of or to the Plan. Captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of

**EXHIBIT A**

the Plan. Except for the rule contained in § 102(5) of the Bankruptcy Code, the rules of construction set forth in § 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply to the Plan.

1.3. **Computation of Time**. In computing any period of time prescribed or allowed by the Plan, unless otherwise expressly provided, the provisions of Bankruptcy Rule 9006(a) shall apply.

**ARTICLE II**

**TREATMENT OF ADMINISTRATIVE**

**CLAIMS**

2.1. **Administrative Claims Generally**. Administrative Claims are unclassified under the Plan in accordance with § 1123(a)(1) of the Bankruptcy Code. Each holder of an Allowed Administrative Claim shall receive: (a) to the extent not already paid, a Cash Payment on the later of the Effective Date or the first Business Day after the date that is thirty (30) calendar days after the date on which such Administrative Claim becomes an Allowed Administrative Claim; (b) to the extent Allowed Administrative Claims are incurred in the ordinary course of AirOcare's business and are not yet due and payable upon the Effective Date, Cash Payment in accordance with the terms and conditions of the particular transaction giving rise to such Administrative Claim; (c) to the extent such Claims are Administrative Claims of the United States Trustee for fees pursuant to 28 U.S.C. § 1930(a)(6), a Cash Payment in accordance with the applicable schedule for payment of such fees; or (d) payment on such other terms as may be agreed upon in writing between the holder of such Allowed Administrative Claim and AirOcare; provided, however, that interim and/or final payment of any Allowed Administrative

Claims approved by order of the Bankruptcy Court shall be paid at the time of and in accordance with such Bankruptcy Court order.

2.2. **Administrative Expense Claim Bar Date**. Requests for payment of Administrative Expense Claims existing as of the Effective Date must be filed with the Bankruptcy Court and served on the Reorganized Debtor no later than thirty (30) days after the Effective Date. Objections to payment of Administrative Expense Claims must be filed with the Bankruptcy Court and served on the Reorganized Debtor, the United States Trustee, and the Administrative Expense Claim applicant by the later of (a) thirty (30) days after the Effective Date, or (b) thirty (30) days after the filing of the request for payment of an Administrative Expense Claim, unless otherwise ordered or extended by the Bankruptcy Court. Notwithstanding anything herein to the contrary, no request for payment of an Administrative Expense Claim need be filed with the Bankruptcy Court for the allowance of (a) an Administrative Expense Claim incurred in the ordinary course of AirOcare's business; or (b) the fees of the United States Trustee arising under 28 U.S.C. § 1930(a)(6). **Any Entity that is required to, but fails to file a request for allowance of an Administrative Expense Claim on or before the deadline referenced above shall be forever barred from asserting such Administrative Expense Claim against the Reorganized Debtor, and the holder thereof shall be enjoined from commencing or continuing any action, employment of process, or act to collect, offset, or recover such Administrative Expense Claim**.

2.3 **Professional Fee Claims**. All Professionals seeking an award by the Bankruptcy Court of a Professional Fee Claim incurred through and including the Effective Date shall, unless otherwise ordered by the Bankruptcy Court, file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by

**EXHIBIT A**

the date that is no later than thirty (30) days after the Effective Date. Professional Fee Claims shall be paid by the Reorganized Debtor pursuant to the provisions in § 2.1 of this Plan with respect to Allowed Administrative Expense Claims generally.

## ARTICLE III

## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

Pursuant to § 1122 of the Bankruptcy Code, set forth below is a designation of classes of Claims against and Equity Interests in the Debtor. A Claim or Equity Interest is placed in a particular Class for the purposes of voting on the Plan and of receiving distributions pursuant to the Plan only to the extent that such Claim or Equity Interest is an Allowed Claim or Allowed Equity Interest in that Class and such Claim or Equity Interest has not been paid, released or otherwise settled prior to the Effective Date. In accordance with § 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims and Professional Fee Claims of the kinds specified in §§ 503 and 507(a)(2) of the Bankruptcy Code have not been classified and their treatment is set forth in Article II above.

3.1. **Class 1.** Class 1 consists of Allowed Secured Claims.

3.2. **Class 2**. Class 2 consists of Allowed Priority Claims.

3.3. **Class 3.** Class 3 consists of Allowed Unsecured Claims.

3.4. **Class 4.** Class 4 consists of all Equity Interests in AirOcare.

3.5. **Elimination of Classes for Voting Purposes.** Any Class of Claims that is not populated as of the date of the commencement of the Confirmation Hearing by an Allowed Claim or a Claim in such Class temporarily allowed under Bankruptcy Rule 3018, or as to which no vote is cast, shall be deemed deleted from the Plan for purposes of voting to accept or reject the Plan by any such Class under § 1129(a)(8) of the Bankruptcy Code.

**EXHIBIT A**

# ARTICLE IV

## IDENTIFICATION OF CLASSES OF CLAIMS AND EQUITY INTERESTS IMPAIRED AND UNIMPAIRED BY THE PLAN

4.1. **Unimpaired Classes of Claims and Equity Interests**. Classes 2 and 4 are unimpaired classes under the Plan.

4.2. **Impaired Classes of Claims and Equity Interests**. Classes 1 and 3 are impaired classes under the Plan.

# ARTICLE V

## TREATMENT OF CLAIMS AND EQUITY INTERESTS

5.1. **Class 1 – Secured Claims.** Class 1 is impaired under the Plan within the meaning of § 1124 of the Bankruptcy Code. The only Secured Claim of which AirOcare is aware is the Secured Claim held by ARC. The Secured Claim of ARC shall be paid from Available Cash in Quarterly Installments until such Secured Claim is paid in full, unless other terms of payment are agreed to by ARC and the Reorganized Debtor. Upon the Effective Date, the Security Agreement and the Secured Note shall be adopted and incorporated into the Plan and shall be binding upon the Reorganized Debtor consistent with their terms and the Plan. ARC shall retain all liens and security interests it holds in the Assets of AirOcare under the Security Agreement.

5.2. **Class 2 – Priority Claims.** Class 2 is not impaired under the Plan within the meaning of §§ 1123(a)(1) and 1124 of the Bankruptcy Code, and is deemed to have accepted the Plan. Any Class 2 Claim that is a Disputed Claim or that has not yet become an Allowed Claim as of the Effective Date shall be paid pursuant to this paragraph after it becomes an Allowed Claim by a Final order.

**EXHIBIT A**

5.2.1. **Non-Tax Priority Claims**. Unless entitled to priority under § 507(a)(8) of the Bankruptcy Code, any Class 2 Claim shall be paid (a) in full in Available Cash on the later of the Effective Date or thirty (30) days after any such claim becomes an Allowed Priority Claim, or (b) upon such other terms as may be agreed to by the holder of such Claim and the Reorganized Debtor. AirOcare does not believe that any non-tax Priority Claims exist.

5.2.2. **Priority Tax Claims**. Any Class 2 Claim which is entitled to priority under § 507(a)(8) of the Bankruptcy Code shall be paid in full in Available Cash (a) Pro Rata in equal Quarterly Installments so that the Allowed amount of such Claim plus Legal Interest shall be paid in full no later than five (5) years following the Petition Date, or (b) upon such other terms as may be agreed to by the holder of such Claim and the Reorganized Debtor.

5.3. **Class 3 – General Unsecured Claims.** Class 3 is impaired under the Plan within the meaning of § 1124 of the Bankruptcy Code and holders of Class 3 Claims have the right to vote to accept or reject the Plan. Any Class 3 Claim that is a Disputed Claim or that has not yet become an Allowed Claim as of the Effective Date shall be paid pursuant to this paragraph after it becomes an Allowed Claim by a Final order. Each Allowed Class 3 Claim shall be paid (a) Pro Rata in Available Cash and to the extent of sufficient funds by payment of Quarterly Installments so that the Allowed amount of such Claim plus Legal Interest shall be paid in full no later than October 1, 2017, or (b) upon such other terms as may be agreed to by the holder of such Claim and the Reorganized Debtor. Holders of Class 3 Claims are not entitled to, and shall not receive, any distribution of Available Cash on account of such Allowed Claims under the Plan until holders of Allowed Class 1 Claims have been paid in full.

5.4. **Class 4 – Equity Interests in AirOcare.** Class 4 is unimpaired under the Plan within the meaning of § 1124 of the Bankruptcy Code and is deemed to have accepted the

**EXHIBIT A**

Plan.  Upon the Effective Date, all holders of Equity Interests in AirOcare shall retain the Equity Interests that they held on the Effective Date.  Holders of Equity Interests in AirOcare are not entitled to, and shall not receive, any distribution of Available Cash on account of such Equity Interests under the Plan until holders of all Allowed Claims have been paid in full with Legal Interest.

**ARTICLE VI**

**MEANS FOR EXECUTION OF THE PLAN**

6.1.    **Property transferred to the Reorganized Debtor**.    On the Effective Date, all Assets of AirOcare shall be deemed to be the property of and vest in the Reorganized Debtor, free and clear of all liens, claims, encumbrances or interests, subject only to the liens and security interests held by ARC under the Security Agreement.  Upon and after the Effective Date, the Reorganized Debtor shall have all powers provided for under this Plan and the Confirmation Order and shall have all of the powers of a trustee under the Bankruptcy Code.

6.2.    **Funding of the Plan**.  The Plan shall be funded with Available Cash.

6.3.    **Sales of Assets After the Effective Date**.  In the discretion of the Reorganized Debtor, sales of Assets conducted after the Effective Date may be made without regard to the provisions of § 363 of the Bankruptcy Code and without Bankruptcy Court approval.

6.4.    **Causes of Action**.  All Causes of Action shall vest in the Reorganized Debtor on the Effective Date, and the Reorganized Debtor shall have full power and authority to pursue such Causes of Action for the benefit of AirOcare's Creditors.  The proceeds of all Causes of Action shall be deemed to be Available Cash and shall be administered pursuant to the provisions of this Plan.  Settlements of Causes of Action shall not be subject to approval by the

**EXHIBIT A**

Bankruptcy Court.  All Avoidance Actions (a) shall survive entry of the Confirmation Order, (b) shall vest in the Reorganized Debtor, and (iii) shall not be barred or limited by estoppel, whether judicial, equitable, or otherwise.

## ARTICLE VII

## DISTRIBUTIONS

7.1.  **Reorganized Debtor**.  The Reorganized Debtor shall have all rights, duties and powers set forth in the Plan, including, without limitation, the duty to review and object to Claims and make distributions pursuant to the terms of this Plan and the Confirmation Order.  The Reorganized Debtor shall have all the powers of a trustee under the Bankruptcy Code.  On the Effective Date, the Reorganized Debtor may employ counsel and other professionals as may be reasonably necessary for its operations and to execute the Plan with out the necessity of application to the Bankruptcy Court.  Such professionals may be retained and compensated for post-Effective Date services in the ordinary course without the necessity of application to the Bankruptcy Court.

7.2.  **Distributions**.  All Available Funds shall be deposited in one or more accounts held by the Reorganized Debtor from which all distributions under this Plan shall be made.

7.3.  **Delivery of Distributions**.  Subject to Bankruptcy Rule 9010, unless otherwise provided herein, all distributions to any holder of an Allowed Claim shall be made at the address of such holder as set forth on the Schedules filed with the Bankruptcy Court or on the books and records of the Debtor or its agents, unless the Debtor has been notified, in advance, in writing of a change of address, including, without limitation, by the filing of a proof of claim or Equity Interest by such holder that contains an address for such holder different from the address

**EXHIBIT A**

reflected on such Schedules for such holder. In the event that any distribution to any holder is returned as undeliverable, no distribution to such holder shall be made unless and until the Reorganized Debtor has been notified of the then current address of such holder, at which time or as soon as reasonably practicable thereafter such distribution shall be made to such holder; provided that such distributions shall be deemed unclaimed property under § 347(b) of the Bankruptcy Code at the expiration of one (1) year from the later of (i) the Effective Date and (ii) the date such holder's Claim is Allowed. After such date, all unclaimed property or interest in property shall revert to the Reorganized Debtor. The Reorganized Debtor shall not have any obligation to attempt to locate any holder of an Allowed Claim other than by reviewing the Debtor's books and records (including any proofs of claim filed against the Debtor).

7.4.   **Stop Payments; Minimum Distribution; Unclaimed Funds**. The Reorganized Debtor may stop payment on any distribution check that has not cleared the payer bank within ninety (90) days of the date of distribution of such check. No distribution under the sum of $10.00 is required to be made by the Reorganized Debtor.

7.5.   **United States Trustee Fees**. Any fees payable under 28 U.S.C. § 1930 accruing after the Effective Date shall be timely paid by the Reorganized Debtor.

## ARTICLE VIII

## EFFECT OF CONFIRMATION

8.1.   **Binding Effect**.    On and after the Effective Date, the provisions of the Plan shall bind any holder of a Claim against, or Equity Interest in, AirOcare and such holder's respective successors and assigns, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

**EXHIBIT A**

8.2.     **Discharge**.  **Except as otherwise provided in the Plan or the Confirmation Order: (a) on the Effective Date, the Reorganized Debtor shall be deemed discharged and released pursuant to § 1141 of the Bankruptcy Code from all Claims and interests, including, but not limited to, demands, liabilities, Claims and interests that arose before the Effective Date and all debts of the kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of Claim based on such Claim or debt has been filed or deemed filed pursuant to § 501 of the Bankruptcy Code, (ii) a Claim based on such Claim or debt is allowed pursuant to § 502 of the Bankruptcy Code, or (c) the holder of such a Claim has accepted the Plan; and (b) all persons shall be precluded from asserting against the Reorganized Debtor, its respective successors, or their respective Assets or properties any other or further Claims based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.  Except as otherwise provided herein, confirmation of the Plan shall void any judgment against AirOcare at any time obtained to the extent that it relates to a Claim discharged hereby.**

8.3.     **Continuation of Injunctions and Stays**.  **Except as otherwise provided herein or in the Confirmation Order, on and after the Effective Date, all persons who have held, currently hold or may hold a debt or Claim against AirOcare or the Reorganized Debtor or their property or Assets are permanently enjoined from taking any of the following actions on account of any such debt or Claim: (i) commencing or continuing in any manner any action or other proceeding against the AirOcare, the Reorganized Debtor or their respective successors or assigns or their Assets or property; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order**

against AirOcare, the Reorganized Debtor or their respective successors or assigns or their Assets or property; (iii) creating, perfecting or enforcing any lien or encumbrance against AirOcare, the Reorganized Debtor or their respective successors or assigns or their Assets or property; and (iv) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. Any person, including but not limited to AirOcare or the Reorganized Debtor, injured by any willful violation of any injunction imposed by the Plan or Confirmation Order shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages, from the willful violator.

8.4. **Transfer Taxes**. Sales, transfers or other dispositions of Assets and property by the Reorganized Debtor, including sales under § 6.3 of the Plan, shall be entitled to the tax treatment provided by § 1146(a) of the Bankruptcy Code and each recording office or other agent of any governmental unit or other taxing authority shall record any such documents of transfer or exchange without any further direction or order from the Bankruptcy Court.

8.5. **Post-Confirmation Corporate Governance**. Until the Effective Date, AirOcare shall operate in a manner consistent with the preservation of the value of its business. As of the Effective Date all then current members of AirOcare's board of directors and officers shall be deemed to be the members of the board of directors and/or officers of the Reorganized Debtor. Nothing herein or in the Confirmation Order, including any releases, shall diminish or impair the enforceability of any policy of insurance that may cover claims against AirOcare or any other Entity. Each of the matters provided for under this Plan involving the corporate structure of the Reorganized Debtor or corporate action to be taken by or required of the

Reorganized Debtor shall, as of the Effective Date, be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without any requirement of further action by the shareholders or directors of the Reorganized Debtor. The Reorganized Debtor shall operate under the name of "AirOcare, Inc." under the existing Delaware corporate charter of AirOcare.

<strong>ARTICLE IX</strong>

<strong>PROCEDURES FOR RESOLVING<br><u>AND TREATING DISPUTED CLAIMS</u></strong>

9.1.    **<u>Objections to and Estimation of Claims; Prosecution of Disputed Claims and Equity Interests</u>**.  The Reorganized Debtor may file with the Bankruptcy Court an objection to the allowance of any Claim or Equity Interest, or any other appropriate motion or adversary proceeding with respect to allowance of any such Claim or Equity Interest.  All such objections will be litigated to Final order; provided, however, that the Reorganized Debtor may compromise and settle, withdraw or resolve by any other method approved by the Bankruptcy Court, any such objections to Claims or Equity Interest.  In addition, the Reorganized Debtor may, at any time, request that the Bankruptcy Court estimate any Claim or Equity Interest under § 502(c) of the Bankruptcy Code, regardless of whether such Claim or Equity Interest has been previously objected to or whether the Bankruptcy Court has ruled on any such objection.  All of the aforementioned Claims and Equity Interest objection, estimation, and resolution procedures are cumulative and are not necessarily exclusive of one another.

9.2.    **<u>No Distributions Pending Allowance</u>**.  Notwithstanding any other provision of the Plan, no distribution shall be made to the holder of a Disputed Claim or the holder of a Claim that is the subject of a proceeding against it by the AirOcare or the

<strong>EXHIBIT A</strong>

Reorganized Debtor, unless and until such Disputed Claim becomes an Allowed Claim by Final

order.  While disputes regarding Claims are pending, the Reorganized Debtor shall hold for the

benefit of each holder of a Disputed Claim an amount equal to the distributions that would have

been made to the holder of such Disputed Claim if it were an Allowed Claim, or, if so

determined by the Bankruptcy Court, such amount as estimated by the Bankruptcy Court under §

502(c) of the Bankruptcy Code, until such Claim becomes an Allowed Claim.

    9.3. **Distributions After Allowance**.  As soon as practicable after a Disputed

Claim becomes an Allowed Claim, the holder of such Allowed Claim will receive all

distributions to which such holder is then entitled under the Plan on account of such Allowed

Claim.  Any holder of both an Allowed Claim and a Disputed Claim will receive the appropriate

distribution on the Allowed Claim, although no distribution will be made on the Disputed Claim

until such dispute is resolved by settlement or Final order.  After resolution of a dispute, any

Available Cash previously reserved for such Disputed Claim and not paid in connection with the

resolution thereof shall be paid consistent with the terms of and order of the Bankruptcy Court or

in the next Quarterly Installment.

**ARTICLE X**

**EXECUTORY CONTRACTS**

    10.1. The Hussmann License Agreement shall be assumed by AirOcare on and

as of the Effective Date pursuant to § 365 of the Bankruptcy Code without the need for entry of

any order of the Bankruptcy Court other than the Confirmation Order.

    10.2. The license agreement between AirOcare and Safe Space, Inc. shall be

rejected by AirOcare on and as of the Effective Date pursuant to § 365 of the Bankruptcy Code

-19-

**EXHIBIT A**

without the need for entry of any order of the Bankruptcy Court other than the Confirmation Order.

10.3.    The Confirmation Order shall automatically constitute an order approving the rejection, as of the Effective Date, of all other executory contracts and unexpired leases of AirOcare that existed on the Petition Date except for (a) any executory contracts or unexpired lease which AirOcare (i) rejected, (ii) assumed, or (iii) assumed and assigned to third parties on or before the Effective Date; or (b) any executory contracts or unexpired leases which are the subject of a motion to (i) reject, (ii) assume, or (iii) assume and assign filed prior to the Effective Date that has not been ruled upon by the Bankruptcy Court as of the Effective Date.

10.4.    Unless subject to the Bar Date, all Claims arising from the rejection of executory contracts or unexpired leases shall be filed and served upon AirOcare and the United States Trustee within thirty (30) days after the later of (a) entry of a Final order authorizing such rejection or (b) the date on which the  Confirmation Order becomes a Final order.  Any such claim not filed within the required time period shall be deemed a Disallowed Claim.

## ARTICLE XI

## MODIFICATION

11.1.    **Pre-confirmation Amendment**.  AirOcare reserves the right in accordance with the Bankruptcy Code to amend or modify this Plan prior to the Confirmation Date.  After AirOcare files any amendment or modification to the Plan, the Plan, as amended or modified, becomes the Plan.

11.2.    **Post-confirmation Modification**.  AirOcare may modify this Plan at any time after the Confirmation Date regardless of whether this Plan has been substantially consummated within the meaning of §§ 1101(2) & 1127(b) of the Bankruptcy Court, if

**EXHIBIT A**

circumstances warrant such modification, if all required disclosure under § 1125 of the

Bankruptcy Code has been given, and the Bankruptcy Court, after notice and a hearing, confirms

the Plan as modified.

      11.3.  **Correction of Errors; Inconsistencies**.  AirOcare may, with the approval

of the Bankruptcy Court and so long as it does not materially and adversely affect the Equity

Interests of or distributions to holders of Claims who have accepted the Plan, remedy any defect

or omission, or reconcile any inconsistencies in the Plan or amend the Plan, in such a manner as

may be necessary to carry out the purposes and the effect of the Plan without the necessity of re-

soliciting acceptances.

**ARTICLE XII**

**CONDITIONS PRECEDENT TO THE EFFECTIVE DATE**

    12.1.  **Confirmation Conditions Precedent.**

      Confirmation is subject to:

      (a)    The Bankruptcy Court having approved the Disclosure Statement by order

entered on the docket of the Chapter 11 Case; and

      (b)    The presentment of a Confirmation Order to the Bankruptcy Court for

entry to confirm the Plan.

    12.2.  **Effective Date Conditions Precedent.**

      The occurrence of the Effective Date is subject to:

      (a)    The Confirmation Order becoming a Final order;

      (b)    No stay of the Confirmation Order shall then be in effect.

**EXHIBIT A**

# ARTICLE XIII

## MISCELLANEOUS PROVISIONS

13.1. **Headings**.  The headings used herein are inserted for convenience only and neither constitute a substantive portion hereof nor in any manner affect the provisions hereof.

13.2. **Business Day**.  If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

13.3. **Timing**.  Wherever the Plan provides that a payment or distribution shall occur "on" any date, it shall mean "on, or as soon as practicable after" such date.

13.4. **Manner of Payment**.  Any Cash Payment made under the Plan may be made either by check or by wire transfer if requested by the holder of a Claim.

13.5. **Authorization of Corporate Action**.  Entry of the Confirmation Order shall constitute Bankruptcy Court authorization for AirOcare and/or the Reorganized Debtor to take or cause to be taken any corporate action necessary or appropriate before or on the Effective Date for the effectuation of the Plan and such action will be authorized and approved in all respects and for all purposes without any requirement of further action by any shareholders, voting trustees, directors or officers of AirOcare and/or the Reorganized Debtor.

13.6. **Severability**.  Should any provision in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any other provisions of the Plan.

13.7. **Reservation of Rights**.  Neither the filing of the Plan, nor any statement or provision contained in the Plan or the Disclosure Statement, shall be deemed to be a waiver of

any rights, remedies, defenses or claims by AirOcare or the Reorganized Debtor and all such rights, remedies, defenses or claims are hereby specifically reserved.

13.8.  **Plan Controls**.  To the extent the Plan is inconsistent with the Disclosure Statement, the provisions of the Plan shall control.

13.9.  **Notice**.

13.9.1.  Any notices or requests in connection with the Plan shall be in writing and served either by (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, or (c) commercial overnight delivery service, freight prepaid, and, except as noted in § 13.9.2, will be deemed to have been given when received by the following parties at the following addresses:

To AirOcare:

> Eric Wells
> President and CEO
> 44330 Mercure Circle, Suite 150
> Dulles, Virginia  20166

with a copy to

> Lawrence A. Katz, Esquire
> Venable LLP
> 8010 Towers Crescent Drive, Suite 300
> Vienna, Virginia  22182

To the Office of the United States Trustee:

> Office of The United States Trustee
> 115 South Union Street,
> Plaza Level, Suite 210
> Alexandria, Virginia 22314

13.9.2.  All notices, requests and distributions to any Creditor shall be directed to them at the address given in each Creditor's proof of claim or, as to those Creditors who did not file a proof of claim, to the address listed in AirOcare's Schedules, unless the

**EXHIBIT A**

Reorganized Debtor receives other instructions in writing from such Creditor(s). Notices, requests and distributions to Creditors shall be deemed to have been given when mailed or deposited with a commercial overnight delivery service. It shall be the obligation of Creditors to provide to AirOcare or the Reorganized Debtor written notice of any change in address.

13.10. **United States Trustee Fees**. All fees payable pursuant to 28 U.S.C. § 1930 due and payable through the Effective Date shall be paid by Reorganized Debtor when due under applicable statute.

13.11. **Other Documents and Actions**. The Debtor and/or the Reorganized Debtor may execute such documents and take such other actions as are necessary to effectuate the transactions provided for in the Plan.

13.12. **Successors and Assigns**. The rights, benefits and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Entity.

13.13. **Post-Effective Date Effect of Evidences of Claims or Equity Interests**. Except as otherwise expressly provided in the Plan, notes, bonds, stock certificates and other evidences of Claims against or Equity Interests in the Debtor shall, effective upon the Effective Date, represent only the right to participate in the distributions contemplated by the Plan.

13.14. **Governing Law**. Unless a rule of law or procedure is supplied by (i) Federal law (including the Bankruptcy Code and Bankruptcy Rules), or (ii) an express choice of law provision in any agreement, contract, instrument or document provided for, or executed in connection with, the Plan, the rights and obligations arising under the Plan and any agreements, contracts, documents and instruments executed in connection with the Plan shall be governed by,

**EXHIBIT A**

and construed and enforced in accordance with, the laws of the Commonwealth of Virginia without giving effect to the principles of conflict of laws thereof.

13.15. **Confirmation Pursuant to §§ 1129(a)(10) and 1129(b) of the Bankruptcy Code**. Section 1129(a)(10) of the Bankruptcy Code shall be satisfied for purposes of Confirmation by acceptance of the Plan by an impaired Class. If any class of Claims or Equity Interests entitled to vote on the Plan does not accept the Plan pursuant to § 1126(c), AirOcare reserves the right to request Confirmation of the Plan under § 1129(b) of the Bankruptcy Code and to modify the Plan to the extent, if any, that Confirmation pursuant to § 1129(b) of the Bankruptcy Code requires modification.

## ARTICLE XIV

## RETENTION OF JURISDICTION

14.1. The Bankruptcy Court shall retain jurisdiction after confirmation of the Plan for the following purposes:

(a) to determine the allowance and classification of any Claim, the re-examination of Claims which have been allowed for purposes of voting, and the determination of any objections to Claims that may have been or may be filed;

(b) to determine motions to estimate a Claim at any time, regardless of whether the Claim to be estimated is the subject of a pending objection, a pending appeal, or otherwise;

(c) to determine motions to subordinate Claims at any time and on any basis permitted by applicable law;

(d) to construe or take any action to enforce the Plan, and to issue such orders as may be necessary for the implementation, execution, and consummation of the Plan;

**EXHIBIT A**

(e)     to determine any and all applications for allowance of compensation or reimbursement of expenses of Professionals;

(f)     to determine any other requests for payment of Administrative Claims;

(g)     to resolve any disputes arising under or relating to the Plan;

(h)     to modify the Plan pursuant to § 1127 of the Bankruptcy Code and the Bankruptcy Rules;

(i)     to take any action to correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

(j)     to enter any order, including injunctions, necessary to enforce the rights, title and powers of AirOcare or the Reorganized Debtor and to impose such limitations, restrictions, terms and conditions of such rights, title and powers as the Bankruptcy Court may deem necessary;

(k)     to enforce any order previously entered by the Bankruptcy Court in this Chapter 11 Case and to enter the Closing Order;

(l)     to determine pending applications for the assumption or rejection of executory contracts or unexpired leases to which AirOcare is a party or with respect to which AirOcare may be liable, and to hear and determine any Claims arising therefrom;

(m)     to determine applications, adversary proceedings and contested or litigated matters and all Causes of Action, whether pending on the Effective Date or commenced thereafter;

(n)     to issue orders in aid of execution of the Plan to the extent authorized by § 1142 of the Bankruptcy Code;

**EXHIBIT A**

(o)     to determine such other matters as may be set forth in the Confirmation Order;

(p)     to consider and act on the compromise and settlement of any Claim against, or cause of action on behalf of, the Debtor or the Estate;

(q)     to enter such orders as may be necessary or appropriate in connection with the Debtor of the Debtor's Assets wherever located; and

(r)     to hear and determine any motions or contested matters involving taxes, tax refunds, tax attributes and tax benefits and similar and related matters with respect to the Debtor arising prior to the Effective Date or relating to the administration of the Chapter 11 Case, including, without limitation, matters involving Federal, state and local taxes in accordance with §§ 346, 505 and 1146 of the Bankruptcy Code.

Dated:  November 24, 2010                    AIROCARE, INC.


                                             */s/Eric Wells*
                                             Eric Wells
                                             President and CEO


*/s/Lawrence A. Katz*
Lawrence A. Katz (VA Bar No. 47664)
Frederick W. H. Carter (VA Bar No. 80204)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia  22182
Telephone: 703-760-1600
Facsimile:  703-821-8949
lakatz@venable.com
fwhcarter@venable.com

*Counsel For Debtor AirOcare, Inc.*

**EXHIBIT A**