IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AIROCARE, INC. ) | CASE NO. 10-14519-RGM |
| ) | |
| Debtor. ) | |

OBJECTION TO CONFIRMATION OF
CHAPTER 11 PLAN OF REORGANIZATION

The United States of America, on behalf of the Internal Revenue Service (the Service), a creditor herein, hereby objects to confirmation of the Debtor's proposed Plan of Reorganization (the Plan).

IN SUPPORT THEREOF, the Service states:

1. The Service filed a Proof of Claim, dated November 16, 2011, setting forth tax liabilities in the amount of $166,952.09. Of this amount $143,716.24 is asserted to be a priority tax claim and $23,235.85 is asserted to be a general unsecured claim. Since no objection has been made to the Service's claim it is deemed allowed under section 502(a).

2. The United States objects to the proposed Plan's treatment of the Service's priority tax claim.

    a. The proposed Plan provides that the priority claim of the Service is to be paid in "Available Cash." *See* Plan at §5.2.2 (page12). Bankruptcy Code §1129(a)(9)(C) requires priority tax claims to be paid in full within 5 years of the order of relief. The Bankruptcy Code does not allow payment if cash is available. *See* 11 U.S.C. §1129(a)(9)(C). The Plan should clarify that payment of the priority tax claim is to be made within 5 years of the order of relief without reference to "available cash."

    b. The proposed Plan is defective because it provides that the Service's

Robert K. Coulter
Assistant United States Attorney
VSB: 42512
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3745
Counsel for the United States of America

priority tax claim is to be paid with interest at the Federal Judgment rate. *See* Plan at §§1.1.33 and 5.2.2 (Pages 6 and 12). These provisions of the Plan violate 11 U.S.C. §1129(a)(9)(C) and 11 U.S.C. §511. The current statutory rate of interest is 3%.[1]

3. The United States objects to the overly broad discharge provision set forth in Section 8.2 of the Plan. The United States agrees that the Debtor is entitled to a full discharge, pursuant to the provisions of 11 U.S.C. §1141 and various other non-Title 11 statutes. The Plan, however, goes beyond the bounds of the discharge bestowed by §1141.

For example, the Plan's discharge of liability based upon "any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date" (Plan at page 16) begs any number of questions. Does the Plan provide for the discharge of statutory obligations related to environmental contamination or some other public health or safety related interest?[2] Is there some sort of other unidentified liability for which the U.S. taxpayers are entitled to a defense? Does the Plan seek to discharge those liabilities owed to governmental units made nondischargeable pursuant to, for example, §1141(d)(6). Nothing in the Plan answers these questions, however, a plausible argument can be made that confirmation of a plan containing overly expansive discharge provisions is enforceable despite the fact that such provisions violate other provisions of the Bankruptcy Code. *See*, United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 2010 WL 1027825 (March 23, 2010).

While the Plan's blanket discharge and injunction provisions may be proper against private parties, it is simply not proper against governmental units charged with enforcing regulatory authority. Adequate notice is especially important in connection with unidentified "interests" of the Federal Government, which are far more diverse than those of traditional

---

[1] As of April 1, 2011, the interest rate will be 4%.

[2] *See* 42 U.S.C. § 6924(u)(RCRA); 42 U.S.C. §§ 9606, 9607(a)(1) (CERCLA); 33 U.S.C. § 1311 (CWA). The bankruptcy laws should not be used to place debtors in a position that they are above the law, leaving the public at risk without the protection of important public health and safety laws. See Zerand-Bernal, Inc. v. Cox, 23 F.3d 159, 163 (7th Cir. 1994).

creditors. The failure of the Plan to identify the relieved interests renders the boilerplate notice a mere gesture, and makes it improper to remove such interests under the fundamental fairness considerations of due process.[3] The potential U.S. interests includes a panoply of regulatory interests administered by various government agencies, such as the Department of Housing and Urban Development, Department of Health and Human Services, the Small Business Administration, the Environmental Protection Agency, the Department of Justice, the Department of Labor and the National Institute of Occupational Safety and Health; as well as potential set off and recoupment interests from any number of potential Federal governmental units. As a practical matter, until the interest sought to be stripped is identified, it will be difficult, if not impossible for the government to determine its existence. It is the diversity of the possible Federal interests which militates in favor of requiring proper notice designed to inform that unit of the Federal government that rights under the program it administers are in jeopardy. Clearly, the boilerplate notice to all creditors that the Plan seeks to discharge liability for "any activity of any kind or nature that occurred prior to the effective date" is insufficient to meet the substantive notice requirements mandated by the Fourth Circuit and the Supreme Court and implemented through Federal Rule of Civil Procedure 2002(c)(3).[4]

4. The United States objects to the Plan's overly expansive injunction provisions contained in §8.3 (page 16). The Plan provides, in essence, for the continuation of the provisions of the automatic stay of §362 throughout the life of the Plan, without recognizing any of its

---

[3] While the United States, as a governmental entity, is not entitled to due process under the Fifth Amendment, it must receive notice which satisfies the requirement of fundamental fairness. *See* United States v. Hairopoulos (In re Hairopoulos), 118 F.3d 1240, 1244 n. 3 (8th Cir.1997); United States v. Trembath (In re Trembath), 205 B.R. 909, 913 n. 6 (Bankr. N.D. Ill. 1997).

[4] Fed. R. Bankr. Pro. 2002(b) and (j) requires that notice of the disclosure statement and of the plan be provided to "the department, agency, or instrumentality of the United States through which the debtor became indebted." To the extent the Plan seeks to bind non-taxing Federal authorities to the terms of the proposed Plan, the United States objects based upon failure of service.

exceptions, limitations or boundaries. As such, the Plan is inconsistent with §362(b) and (c) and violates §1123(b)(6). Moreover, to the extent the proposed Plan seeks to impose an injunction against unidentified action it fails to provide the requisite notice required by Fed. R. Bankr. Pro. 2002(c)(3) and 3016. The Plan's broad post confirmation injunction provisions are improper for several additional reasons.

First, the Anti-Injunction Act, 26 U.S.C. § 7421(a), limits this Court's jurisdiction over the United States' tax claims against third party nondebtors, if any. American Bicycle Ass'n v. United States (In re American Bicycle Ass'n), 895 F.2d 1277, 1280-81 (9th Cir. 1990). The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." The Supreme Court has held that "[t]he manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention ...." Enochs v. Williams Packing & Navigation Co., Inc., 370 U.S. 1, 7 (1962).

Second, the proposed Plan purports to impose a strict liability standard for imposition of damages for violations of the overly expansive discharge/injunction provisions. *See* Plan at §8.3 (page 17). Indeed, the Plan goes so far as to provide for the payment of punitive damages for violation of its injunction provisions. This provision is objectionable to the extent that it applies to the liability of nondebtors for the trust fund recovery penalty under 26 U.S.C. §6672. Such liability is personal, separate and distinct from that of the corporate debtor. The Court lacks jurisdiction to enjoin the Service from assessing and collecting the trust fund recovery penalty. *See e.g.* United States v. Huckabee Auto Company, 783 F.2d 1546, 1548-1549 (11th Cir. 1986).

Further, it is clear that punitive damages may not be assessed against the United States and that the imposition of damages is subject to 28 U.S.C. §2412. The waiver of sovereign immunity for bankruptcy cases does not encompass actions to recover punitive damages against the United States or its agencies. Section 106 of the Bankruptcy Code addresses the waiver of sovereign immunity by "governmental units," including federal, state and local governments. *See*

§101(26). Section 106 waives sovereign immunity for certain parts of the Bankruptcy Code. However, under §106(a)(3) Congress expressly limited that waiver of sovereign immunity to exclude punitive damages:

> The court may issue against a governmental unit an order, process, or judgment under such sections of the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, **but not including an award of punitive damages.** Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of Title 28.

11 U.S.C. §106(a)(3)(emphasis added).

Courts presented with this issue have routinely held that punitive damages may not be entered against the United States. Jove Engineering, Inc. v. I.R.S., 92 F.3d 1539, 1558 (11th Cir. 1996)(holding that "Congress expressly declines to waive sovereign immunity for punitive damages."); In re Straight, 248 B.R. 403 (10th Cir. BAP 2000); In re Arnold, 255 B.R. 845, 851 (Bankr. W.D. Tenn. 2000); Hanna Coal, Co. v. I.R.S., 218 B.R. 825, fn 1 (W.D. Va. 1997); In re Pansier, 212 B.R. 950 (Bankr. E.D. Wis. 1997); In re Davis, 201 B.R. 835, 837-38 (Bankr. S.D. Ala. 1996)(holding that "[i]n 1994, the Bankruptcy Code was amended to make clear that the federal government and other governmental units are not subject to punitive damage awards for violations of the stay."); In re Herron, 177 B.R. 866 (Bankr. N.D. Ohio 1995); In re Davis, 136 B.R. 414, 418 (E.D. Va. 1992).

In amending §106 in 1994 Congress made it clear that it did not waive sovereign immunity against the United States for the imposition of punitive damages and that the availability of attorney's fees is limited by 28 U.S.C. § 2412(d)(2)(A). The proposed Plan ignores these limitations, and the United States objects thereto.[5]

---

[5] To resolve the objections contained in paragraphs 3 and 4, above, any Order confirming the Plan should include the following provisions: (i) "Notwithstanding anything to the contrary in the Plan, the Plan shall not be construed as releasing any nondebtor from any liability imposed by 26 U.S.C. § 6672 or as enjoining or precluding the IRS from determining, assessing and collecting any liability imposed by 26 U.S.C. § 6672 with respect to a nondebtor." (ii) "Notwithstanding anything to the contrary in the Plan, liabilities otherwise nondischargeable pursuant to the relevant provisions of the Bankruptcy Code and other non-Title 11 statutes are

5. That United States objects to the provision of the Plan that allows amendment after substantial consummation. *See* Plan at §11.2 (page 20). The Bankruptcy Code permits debtors to modify the terms of a confirmed plan, but only upon limited circumstances:

> The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this section becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

11 U.S.C. §1127(b) (emphasis added).

Amendment of a confirmed plan of reorganization is not appropriate after substantial consummation. The Plan violates §§1123(b)(6) and 1127(b) and the United States objects thereto.[6]

6. The Plan provides no remedies for default. Should the debtor fail to make payments to the Service, the Plan will make this Court the government's tax collector and will impose further delay and expense in the collection of the tax claims of the United States through Chapter 7. In the event the debtor fails to make payments required by its Plan, the Internal Revenue Service should be allowed to proceed with the type of collection it would normally have employed in the absence of bankruptcy and should have the rights it would have had but for the bankruptcy filing of the debtor. The Plan should specifically provide that upon the non-payment of a required payment there will be a full reinstatement of the administrative collection powers and the rights of the Internal Revenue Service as they existed prior to the filing of the bankruptcy

---

not discharged." (iii) "Notwithstanding anything to the contrary in the Plan, confirmation of the Plan does not release or nullify any liability to a governmental entity under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after confirmation." and; (iv) "Section 8.3 of the Plan shall not apply to the United States of America."

[6] To resolve this aspect of the objection any Order confirming the Plan should modify §11.2 to remove the phrase "regardless of whether this Plan has been substantially consummated within the meaning of §§1101(2) & 1127(b) of the Bankruptcy Court (sic)."

petition in this case; including but not limited to the assessment of taxes, the filing of the notice of federal tax lien and the powers of levy, seizure, an sale under Subtitle F, Procedure and Administration, of the Internal Revenue Code. Proposed Language to accomplish is as follows:

> The debtor will pay all federal taxes as they become due, will file all federal tax returns on a timely basis and will comply with all provisions of Title 26, U.S.C. If the debtor or its successor in interest fails to make any payment to the Internal Revenue Service called for under this Plan; or fails to abide by any other term of this Plan applicable to the Internal Revenue Service, within 10 days of the due date thereof, then the United States may declare that the debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or debtor is in default.
>
> If the United States declares the debtor or the successor in interest to be in default of Debtor's obligation under the Plan, and the debtor fails to cure such default within 10 days thereof, then the entire liability, together with any unpaid current liabilities, shall become due and payable immediately.
>
> Upon notice of default and the failure to cure, as set forth above, the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code, without the need for Bankruptcy Court approval. This shall include full reinstatement of the administrative collection powers and the rights of the Internal Revenue Service as they existed prior to the filing of the bankruptcy petition in this case, including, but not limited to, the assessment of taxes, the filing of the Notice of Federal Tax lien and the powers of levy, seizure, and sale under Subtitle F, Procedure and Administration, of the Internal Revenue Code.

WHEREFORE, the Service respectfully requests that confirmation of the proposed Plan be denied unless it is amended to address the objections raised above.

        Neil H. MacBride
        United States Attorney

By:   /s/ Robert K. Coulter
      Robert K. Coulter
      Assistant U. S. Attorney

# CERTIFICATE OF SERVICE

I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Parties currently listed by the CM/ECF system to receive electronic notice in this case are set forth below.

- Frank J. Bove frank.j.bove@usdoj.gov, USTPRegion04.ax.ecf@usdoj.gov
- Kristen E. Burgers keburgers@venable.com
- Frederick W. H. Carter fwcarter@venable.com, dmdierdorff@venable.com
- Martin C. Conway mconway@pkc-law.com, Kgilliland@pkc-law.com;ptaylor@pkc-law.com;jtsai@pkc-law.com;bthies@pkc-law.com;dwinstead@pkc-law.com;mferrigno@pkc-law.com;intern1@pkc-law.com;jaltmiller@pkc-law.com
- Robert K. Coulter robert.coulter@usdoj.gov, sharon.abbott@usdoj.gov;USAVAE.ALX.ECF.BANK@usdoj.gov
- Michael John Ferrigno mferrigno@pkc-law.com, kgilliland@pkc-law.com
- Joseph A. Guzinski joseph.a.guzinski@usdoj.gov, USTPRegion04.ax.ecf@usdoj.gov
- Timothy Brooks Hyland thyland@steinsperling.com, akerxton@steinsperling.com;troberts@steinsperling.com
- Christine Nicole Johnson cjohnson@psclaw.net
- Lawrence Allen Katz lakatz@venable.com
- Stephen E. Leach sleach@ltblaw.com, ndysart@ltblaw.com;msarata@ltblaw.com;rrosado@ltblaw.com;xrubinstein@ltblaw.com
- W. Clarkson McDow, Jr. ustpregion04.ax.ecf@usdoj.gov
- Craig M. Palik cpalik@yahoo.com, cpalik@mhlawyers.com;pparson@mhlawyers.com;dmoorehead@mhlawyers.com;jmackie@mhlawyers.com;dtayman@mhlawyers.com
- Alan Rosenblum alan@rosenblumllc.com, lynn@rosenblumllc.com
- James Tse Chung Tsai jtsai@pkc-law.com, kgilliland@pkc-law.com;ptaylor@pkc-law.com;mconway@pkc-law.com;bthies@pkc-law.com;dwinstead@pkc-law.com;mferrigno@pkc-law.com;intern1@pkc-law.com;jaltmiller@pkc-law.com

Date: February 28, 2011

                                      */s/ Robert K. Coulter*
                                      ROBERT K. COULTER