Craig M. Palik, Esquire (VSB #45728)
James M. Greenan (Admitted Pro Hac Vice)
McNamee Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com
jgreenan@mhlawyers.com

Robert H. B. Cawood, Esq. (Admitted Pro Hac Vice)
Roy L. Mason, Esq, (Admitted Pro Hac Vice)
Mason & Cawood, P.A.
69 Franklin Street
Annapolis, MD 21401
(410) 269-6620
rhbc@masoncawoodlaw.com
rlm@masoncawoodlaw.com

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )      Case No. 10-14519-RGM
    AIROCARE, INC.                )      Chapter 11
           Debtor.             )
                                      )

## OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN

COMES NOW, Jack Prouty ("Prouty"), Stuart Rutchik ("Rutchik") and Terrance Woodbridge ("Woodbridge")[1], by and through their attorneys Craig M. Palik, James M. Greenan and McNamee Hosea Jernigan Kim Greenan & Lynch, P.A., and pursuant to 11 U.S.C. §§ 1128(b), and respectfully submit the following Objection the Plan of Reorganization (the "Plan") propounded by the Debtor, as follows:

---

[1] Prouty and Rutchik are shareholders of record of the Debtor as of the petition date and hold unsecured claims against the Debtor. Woodbridge is a former shareholder of the Debtor and holds an unsecured claim against the Debtor. Prouty, Rutchik and Woodbridge are additionally defendants in an Adversary Proceeding commenced by the Debtor styled AirOcare v. McDonald et al., Adv. No. 10-01481 RGM. Prouty Rutchik and Woodbridge have filed a Motion with the Court for Leave to Prosecute a Derivate Action on behalf of AirOcare.

1

# OBJECTIONS

## 1. ARC, LLC is Improperly Designated as <u>an Impaired Class Under the Plan.</u>

Under Section 5.1 of the Plan, the secured claim of ARC, LLC is designated as impaired for purposes of voting on the Plan. The Debtor provides no authority or justification for designating ARC, LLC as impaired. To the contrary, the Secured Note and Security Agreement dated May 28, 2010, is being adopted and incorporated into the Plan. <u>Plan</u> at p. 11

11 U.S.C. § 1124 provides in pertinent part:

> Except as provided in section 1123(a)(4) of this title [11 USCS § 1123(a)(4)], a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan—
>
> (1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest

Other bankruptcy courts have held that a creditor is not deemed to be impaired where a plan incorporates an agreement modified prepetition. <u>Cf.</u> <u>In re SM</u>, 160 B.R. 202, 215, n. 25 (Bankr.S.D.Fla. 1993). By adopting and incorporating the terms of the Secured Note and the Security Agreement dated as of May 28, 2010, in this case, it is unclear how the contractual rights of this creditor have been altered in any way such that ARC, LLC may be deemed impaired.

## 2. The Plan Fails to Mention or Otherwise Account for the Possibility That Derivative Standing Will Be Given to Prouty, <u>Woodbridge and Rutchik to Pursue Claims on Behalf of AirOcare.</u>

As stated in <u>Donnelly v. Official Comm. of Unsecured Creditors,</u> (<u>In re Travelstead</u>), 73 Fed. Appx. 568, 572 (4th Cir. Md. 2003) under 11 U.S.C.A. § 1141(a) "[T]he provisions of a confirmed plan bind the debtor . . . and any creditor . . . .". <u>See</u> also <u>First Union Commercial</u>

Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enterprises, Inc.), 81 F.3d 1310, 1317 (4th Cir. 1996) ("Under the Bankruptcy Code, a confirmed plan of reorganization acts like a contract that is binding on all of the parties, debtor and creditors alike."). Indeed, a bankruptcy court's order of confirmation is treated as a final judgment with res judicata effect. Piedmont Trust Bank v. Linkous (In re Linkous), 990 F.2d 160, 162 (4th Cir. 1993).

AirOcare cannot ignore the possibility in the Plan that Prouty, Woodbridge and Rutchik may be afforded derivative standing to pursue claims against the current board of directors. The motion seeking leave to prosecute these derivative actions was argued on February 22, 2011, and is currently under advisement by the Court. Arguably, Section 6.4 of the Plan prohibits any such cause of action from being pursued by vesting all causes of action in the Debtor upon confirmation. Thus, Prouty, Woodbridge and Rutchik assert this objection to preserve their rights and seek to require that the Plan at a minimum be amended to provide for this contingency to avoid any claim by the Debtor that such cause of action is precluded by virtue of the Plan being confirmed in its present form.

### 3. The Amended Plan is Not Feasible and Has Not Been Proposed in Good Faith Pursuant to Section 1129(a)(3) of the Bankruptcy Code.

Section 1129(a)(3) of the Bankruptcy Code requires that a plan be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1 129(a)(3). The term "good faith" is not defined in the Bankruptcy Code or in the legislative history thereto. In re New Valley Corp., 168 B.R. 73, 80 (Bankr. D.N.J. 1994); In re Sound Radio, Inc., 93 B.R. 849, 853 (Bankr. D.N.J.1988), aff'd in part and remanded in part 103 B.R. 521 (D.N.J. 1989), aff'd, 908 F.2d 964 (3d Cir. 1990).

In determining whether a plan has been proposed in good faith, courts have recognized that there are no hard and fast rules that should be applied; instead, each case is evaluated on its own merits. In re Century Glove, Inc., C.A. Nos. 90-400 (SLR) and 90-401 (SLR) (D. Del, Feb. 10, 1993) (good faith should be evaluated in light of the totality of circumstances surrounding confirmation); see also In re Sandy Ridge Dev. Corp., 881 F.2d 1346, 1353 (5th Cir.), reh'g den 889 F.2d 663 (5th Cir. 1989); In re Cellular Info. Sys. Inc., 171 B.R. 926, 945 (Bankr. S.D.N.Y. 1994) (citation omitted). Other considerations include whether the Plan has a reasonable chance of success (see Sound Radio, Id. at 853) and whether the Plan is feasible. See In re Elsinore Shore Assocs., 91 B.R. 238, 261 (Bankr.D.N.J.1988).

The Introduction to the Debtor's Plan makes the statement "The Plan for full payment of all allowed Claims and the retention of all Equity Interests held as of the Effective Date." Plan at p. 1. However, there is absolutely no information whatsoever concerning how the Debtor intends to operate its business or to provide any semblance of a business plan to generate sufficient revenues to do so.

The liquidation analysis attached at Exhibit C to the Plan assumes revenues based solely upon projected royalties from the Hussmann License Agreement through four scenarios: (1) liquidation; (2) the minimum quarterly royalty payment; (3) the mid-point of the minimum and maximum quarterly royalty payment; and (4) the maximum royalty payment. If the minimum royalty payment is received, the unsecured creditors are projected to receive only a 1% recovery. The Debtor has failed completely to articulate any plan it has for ensuring that the royalties under the Hussmann License Agreement are maximized and will in fact be greater than the minimum royalty payment. Further the Hussmann License Agreement is admittedly subject to cancellation

at any time. Accordingly, the Amended Plan is not feasible, does not have a reasonable chance of success, and has not been proposed in good faith.

### 4. The Release and Injunction Provisions of Sections 8.2 and 8.3 of the Plan are Overly Broad

Prouty, Woodbridge and Rutchik hereby adopt and incorporate the objections asserted by the United States of America to sections 8.2 and 8.3 of the Debtor's Plan.

### 5. Adoption of Objections filed by EMF Properties Group, LLC and Key Electronics, Inc.

Prouty, Woodbridge and Rutchik hereby adopt and incorporate the objections asserted by EMF Properties Group, LLC and Key Electronics, Inc. to confirmation of the Debtor's Plan.

WHEREFORE, based upon the foregoing, Jack Prouty, Terrance Woodbridge and Stuart Rutchik request that confirmation of the Debtor's Plan of Reorganization be denied, and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Craig M. Palik
Craig M. Palik, Esquire (VSB #45728)
McNamee Hosea, et al
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com

s/ Roy L. Mason
Roy L. Mason, admitted *pro hac vice*
Robert H. B. Cawood, admitted *pro hac vice*
69 Franklin Street
Annapolis, MD 21401
410-269-6620
410-269-5452 *facsimile*
rlm@masoncawoodlaw.com
rhbc@masoncawoodlaw.com
*Counsel for Jack Prouty*, *Terrance Woodbridge and Stuart Rutchik*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of March, 2011, a copy of the foregoing Motion, was served electronically via the court's CM/ECF system to the following:

Frank J. Bove
Office of the US Trustee
115 S. Union St., Ste. 210
Alexandria, VA 22314
frank.j.bove@usdoj.gov

Lawrence Allen Katz
Venable LLP
8010 Towers Crescent Drive
Suite 300 Vienna, VA 22182
lakatz@venable.com

Kristen E. Burgers
Venable LLP
8010 Towers Crescent Dr.
Suite 300 Vienna, VA 22182-2707
keburgers@venable.com

Stephen E. Leach
Leach Travell Britt, PC
8270 Greensboro Drive
Suite 1050 McLean, VA 22102
sleach@ltblaw.com

Alan Rosenblum, Esq.
Rosenblum & Rosenblum, L.L.C.
228 South Washington Street, Suite 300
P. O. Box 320039
Alexandria, Virginia 22320
alan@rosenblumllc.com

And to all parties registered to receive electronic notice.

                                              /s/ Craig M. Palik
                                              Craig M. Palik