**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

|   |   |
|---|---|
| In re: ) ) ) AIROCARE, INC., ) ) Debtor. ) ) | Case No. 10-14519-RGM (Chapter 11) |

**MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT
BETWEEN THE DEBTOR AND ROBERT D. MCDONALD**

AirOcare, Inc. (the "Debtor"), by its undersigned counsel, respectfully moves for entry of an order approving a settlement agreement between the Debtor and Robert D. McDonald ("McDonald"). In support of this Motion, the Debtor respectfully represents as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157.

2. The relief sought in this motion is predicated upon § 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**The Bankruptcy Proceedings**

3. On May 29, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

Lawrence A. Katz (VSB 47664)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone: (703) 760-1600
Facsimile: (703) 821-8949

*Counsel to the Debtor*

4. Following the Petition Date, the Debtor operated and managed its business and financial affairs as a debtor in possession under §§ 1107 and 1108 of the Bankruptcy Code.

5. On November 24, 2010, the Debtor filed its plan of reorganization, which was confirmed by this Court by Order entered on April 13, 2011.

### Background to the Settlement Agreement

6. McDonald served as the Chief Executive Officer of the Debtor from the time of the Debtor's incorporation in September 2004 until his employment was terminated on August 24, 2009. McDonald also served on the Board of Directors of the Debtor from September 2004 until August 18, 2009.

7. On February 18, 2010, Dr. Erik Young, a significant creditor of AirOcare, filed a lawsuit in the Circuit Court for Montgomery County, Maryland, naming the Debtor and McDonald as defendants, together with two other officers and director of the Debtor, William R. Chambers and Jack Prouty. The lawsuit was docketed as Young v. McDonald, et al., Case No. 327252-V (the "Montgomery County Lawsuit").

8. On October 6, 2011, McDonald filed Proof of Claim No. 30, alleging he had been improperly terminated as CEO of the Debtor and that he was entitled to unpaid compensation in the amount of $175,000. On the same day, McDonald filed Proof of Claim No. 31, alleging that he was entitled to indemnification in connection with the Montgomery County Lawsuit in the amount of $4,606,141.36. The two proofs of claim filed by McDonald are referred to collectively herein as the "Proofs of Claim."

9. On November 12, 2010, the Debtor filed a complaint in the Bankruptcy Court against McDonald and others seeking to recover on account of monies loaned by the Debtor and to recover avoidable transfers and damages for breach of fiduciary duty, breach of contract and unjust enrichment, among other things. The adversary proceeding was docketed as

- 2 -

<u>AirOcare v. Chambers, et al.</u>, Adversary Proceeding No. 10−01481 RGM (the "Adversary Proceeding"). On January 6, 2011, McDonald filed an answer to the complaint, denying any liability to the Debtor.

10. A final pretrial conference in the Adversary Proceeding was scheduled for August 8, 2011, but has now been continued to October 17, 2011. A trial date has not yet been scheduled.

### The Settlement Agreement

11. The Debtor and McDonald have reached a settlement to resolve the various disputes between them, including those raised in the Adversary Proceeding and the Proofs of Claim. To memorialize the settlement, the parties have executed a written settlement agreement (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit A.

12. Under the terms of the Settlement Agreement, McDonald releases any and all claims he may have against the Debtor as of the execution of the Settlement Agreement, including those set forth in the Proofs of Claim. In addition, McDonald surrenders all of his equity interests in the Debtor, including 2,560,001 shares of common stock. He also agrees to cooperate with the Debtor in connection with the Debtor's intellectual property rights, to consult with the Debtor in connection with certain ongoing business and litigation matters, and to refrain from competing with the Debtor or interfering with the Debtor's intellectual property rights.

13. Under the terms of the Settlement Agreement, the Debtor releases any and all claims it may have against McDonald as of the execution of the Settlement Agreement, including those set forth in the Adversary Proceeding. The Debtor further agrees to use its best efforts to obtain a release of the claims asserted against McDonald in the Montgomery County Lawsuit and to reimburse McDonald for certain taxes paid by McDonald to the California Board of Equalization on the Debtor's behalf.

14. The Settlement Agreement is the product of good faith, arms-length negotiations. It resolves, on negotiated terms, the issues and disputes between the parties, without an admission of liability on either side. Pursuant to the settlement, the Debtor will avoid the additional costs, delays and uncertainties of litigation in connection with the Adversary Proceeding and the Proofs of Claim.

### Relief Requested

15. By this Motion, the Debtor seeks the entry of an Order approving the Settlement Agreement and authorizing the Debtor to take any actions reasonably necessary to effectuate its terms.

### Applicable Standard

16. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Bankruptcy Rules 9019 also provides that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy courts also recognize that settlements are "'a normal part of the process of reorganization.'" Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)).

17. The decision to approve a compromise under Bankruptcy Rule 9019 is within the discretion of the Court which must determine if the compromise or settlement is fair and equitable. See In re Frye, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998). The Court is not required to conduct a "mini-trial" of the underlying case, but instead must only decide whether the settlement proposed falls "below the lowest point in the range of reasonableness." In re Austin, 186 B.R. 397, 400

MC1DOCS1#332267

(Bankr. E.D. Va. 1995) (citations omitted); see also In re Jasmine, Ltd., 258 B.R. 119, 123 (D.N.J. 2000).

18. Factors which bankruptcy courts consider when evaluating a settlement under Bankruptcy Rule 9019 include: (i) the probability of success in the litigation; (ii) the complexity, expense and likely duration of the litigation; (iii) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise, including potential difficulties in collection, if any; and (iv) whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest. See Protective Comm. for Indep. Stockholders, 390 U.S. at 424; In re Frye, 216 B.R. at 174; In re Austin, 186 B.R. at 400; In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) (stating that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy" and citing criteria set forth above in determination of reasonableness of particular settlements) (internal quotation marks and citation omitted); Official Committee of Unsecured Creditors v. White Plains Joint Venture, 1994 U.S. App. LEXIS 1282, at *10 (4th Cir. Jan. 26, 1994) (compromises are favored in bankruptcy).

19. Basic to the process of evaluating proposed settlements, therefore, is "the need to compare the terms of the compromise with the likely rewards of litigation." Protective Comm. for Indep. Stockholders, 390 U.S. at 425. However, "the settlement may be approved even if the court finds it likely that the trustee would ultimately succeed in the litigation." In re Austin, 186 B.R. at 400.

## Basis for Relief

20. The settlement described above represents a fair, reasonable and negotiated compromise and settlement of disputed issues and claims. In addition to the inherent

MC1DOCS1#332267

uncertainty of success in the prosecution of the Debtor's claims, serious issues have been raised with respect to the Debtor's ability to collect any judgment that may ultimately be entered in its favor against McDonald.  Consequently, it is possible, if not probable, that the additional cost of litigation may exceed the amount of any recovery that might accrue to the estate.  As a result, the Debtor believes that the Settlement Agreement is in the best interests of the Debtor, its estate and creditors, and should therefore be approved.

## **Waiver Of Memorandum of Points and Authorities**

21. This Motion includes citations to applicable statutory authority and a discussion of their application to this Motion.  The Debtor submits that such citations and discussion satisfy the requirement imposed by Rule 9013-1 of the Local Bankruptcy Rules for the Eastern District of Virginia that this Motion be accompanied by a separate memorandum of law in support of this Motion.

## **No Previous Request**

22. No previous motion seeking the relief requested herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) approving the Settlement Agreement, (ii) authorizing the Debtor to take any and all actions reasonably necessary to consummate the Settlement Agreement, and (iii) granting the Debtor such other relief as is just and appropriate.

Dated: August 11, 2011                    */s/ Lawrence A. Katz*
                                                            Lawrence A. Katz  (VSB No. 47664)
                                                             VENABLE LLP
                                                             8010 Towers Crescent Drive, Suite 300
                                                             Vienna, Virginia 22182
                                                             Telephone:  (703) 760-1600
                                                             Facsimile:  (703) 821-8949
                                                             lakatz@venable.com

                                                             *Counsel to AirOcare, Inc.*

MC1DOCS1#332267

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of August, 2011, a copy of the foregoing Motion for an Order Approving Settlement Agreement between the Debtor and Robert D. McDonald, along with a proposed form of order, was sent, via first class U.S. mail postage prepaid and/or electronic transmission, to the parties named below.

Robert H.B. Cawood
Mason & Cawood, P.A.
91 Cathedral Street, Suite 200
Annapolis, MD 21401

Joseph Guzinski
Michael Tully Driscoll
Office of the United States Trustee
115 S. Union Street, Room 210
Alexandria, VA 22314

Christine N. Johnson
Protas, Spivok & Collins, LLC
4330 East West Highway, Suite 900
Bethesda, MD 20814

Alan Rosenblum
Rosenblum & Rosenblum, LLC
228 South Washington Street, Suite 300
Alexandria, VA 22314

William Chambers
10229 Cedar Pond Drive
Vienna, VA 22182

Terrance Woodbridge
107 Parkcanyon Lane
Cary, NC 27519

Craig M. Palik
James Greenan
McNamee, Hosea, Jernigan, Kim, et al.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

Robert K. Coulter
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

Martin C. Conway
Pesner Kawamoto Conway, PLC
7926 Jones Branch Drive, Suite 930
McLean, VA 22102

Ronald B. Mazie,
as Trustee of the AirOcare Benefits Trust
17216 Blossom View Drive
Olney, MD 20832

Stuart Rutchik
13628 Spinning Wheel Drive
Germantown, MD 20874

*/s/ Lawrence A. Katz*
Lawrence A. Katz