## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | Case No. 10-14519-RGM |
| AIROCARE, INC., | ) | |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | |

## MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN THE DEBTOR AND STUART N. RUTCHIK

AirOcare, Inc. (the "Debtor"), by its undersigned counsel, respectfully moves for

entry of an order approving a settlement agreement between the Debtor and Stuart N. Rutchik

("Rutchik"). In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion

is a core proceeding within the meaning of 28 U.S.C. § 157.

2.      The relief sought in this motion is predicated upon § 105 of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").

### The Bankruptcy Proceedings

3.      On May 29, 2010 (the "Petition Date"), the Debtor filed a voluntary

petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

Lawrence A. Katz (VSB 47664)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone: (703) 760-1600
Facsimile: (703) 821-8949

*Counsel to the Debtor*

4.      Following the Petition Date, the Debtor operated and managed its business and financial affairs as a debtor in possession under §§ 1107 and 1108 of the Bankruptcy Code.

5.      On November 24, 2010, the Debtor filed its plan of reorganization, which was confirmed by this Court by Order entered on April 13, 2011.

### Background to the Settlement Agreement

6.      Rutchik served as the Vice-President of Finance and Administration of the Debtor until his employment was terminated in April 2009.

7.      On September 1, 2010, Rutchik filed Proof of Claim No. 16 alleging he was owed unpaid wages in the amount of $20,126.80 (the "Proof of Claim").

8.      On November 12, 2010, the Debtor filed a complaint in the Bankruptcy Court against Rutchik and others seeking to recover on account of monies loaned by the Debtor and to recover avoidable transfers and damages for breach of fiduciary duty, breach of contract and unjust enrichment, among other things.  The adversary proceeding was docketed as AirOcare v. Chambers, et al., Adversary Proceeding No. 10−01481 RGM (the "Adversary Proceeding"). On January 6, 2011, Rutchik filed an answer to the complaint, denying any liability to the Debtor, as well as a counterclaim seeking declaratory relief and recovery of back pay, vacation pay, other pay and benefits and all amounts invested by him in AirOcare.

9.      A final pretrial conference in the Adversary Proceeding was scheduled for August 8, 2011, but has now been continued to October 17, 2011.  A trial date has not yet been scheduled.

### The Settlement Agreement

10.      The Debtor and Rutchik have reached a settlement to resolve the various disputes between them, including those raised in the Adversary Proceeding and the Proof of Claim.  To memorialize the settlement, the parties have executed a written settlement agreement

- 2 -

(the "Settlement Agreement"), a copy of which is attached hereto as Exhibit A.

11.     Under the terms of the Settlement Agreement, Rutchik releases any and all claims he may have against the Debtor as of the execution of the Settlement Agreement, including those set forth in the Proof of Claim and in the counterclaim filed in the Adversary Proceeding seeking declaratory relief and recovery of back pay, vacation pay, other pay and benefits and all amounts invested by him in AirOcare.  In addition, Rutchik surrenders all of his equity interests in the Debtor, including 1,481,917 shares of common stock.  He also agrees to cooperate with the Debtor in connection with certain ongoing business and litigation matters, and to refrain from making any claims to the Debtor's intellectual property rights.

12.     Under the terms of the Settlement Agreement, the Debtor releases any and all claims it may have against Rutchik as of the execution of the Settlement Agreement, including those set forth in the Adversary Proceeding.

13.     The Settlement Agreement is the product of good faith, arms-length negotiations.  It resolves, on negotiated terms, the issues and disputes between the parties, without an admission of liability on either side.  Pursuant to the settlement, the Debtor will avoid the additional costs, delays and uncertainties of litigation in connection with the Adversary Proceeding and the Proof of Claim.

## Relief Requested

14.     By this Motion, the Debtor seeks the entry of an Order approving the Settlement Agreement and authorizing the Debtor to take any actions reasonably necessary to effectuate its terms.

## Applicable Standard

15.     Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the

MC1DOCS1#332297

Bankruptcy Code]." Bankruptcy Rules 9019 also provides that: "[o]n motion by the trustee and

after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy

courts also recognize that settlements are "'a normal part of the process of reorganization.'"

Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S.

414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)).

16.     The decision to approve a compromise under Bankruptcy Rule 9019 is

within the discretion of the Court which must determine if the compromise or settlement is fair

and equitable.  See In re Frye, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); In re Marvel

Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998).  The Court is not required to conduct a

"mini-trial" of the underlying case, but instead must only decide whether the settlement proposed

falls "below the lowest point in the range of reasonableness."  In re Austin, 186 B.R. 397, 400

(Bankr. E.D. Va. 1995) (citations omitted); see also In re Jasmine, Ltd., 258 B.R. 119, 123

(D.N.J. 2000).

17.     Factors which bankruptcy courts consider when evaluating a settlement

under Bankruptcy Rule 9019 include:  (i) the probability of success in the litigation; (ii) the

complexity, expense and likely duration of the litigation; (iii) all other factors relevant to making

a full and fair assessment of the wisdom of the proposed compromise, including potential

difficulties in collection, if any; and (iv) whether the proposed compromise is fair and equitable

to the debtors, their creditors, and other parties in interest.  See Protective Comm. for Indep.

Stockholders, 390 U.S. at 424; In re Frye, 216 B.R. at 174; In re Austin, 186 B.R. at 400; In re

Martin, 91 F.3d 389, 393 (3d Cir. 1996) (stating that "[t]o minimize litigation and expedite the

administration of a bankruptcy estate, compromises are favored in bankruptcy" and citing criteria

set forth above in determination of reasonableness of particular settlements) (internal quotation

marks and citation omitted); Official Committee of Unsecured Creditors v. White Plains Joint

- 4 -

<u>Venture</u>, 1994 U.S. App. LEXIS 1282, at *10 (4th Cir. Jan. 26, 1994) (compromises are favored

in bankruptcy).

18.     Basic to the process of evaluating proposed settlements, therefore, is "the

need to compare the terms of the compromise with the likely rewards of litigation." <u>Protective</u>

<u>Comm. for Indep. Stockholders</u>, 390 U.S. at 425.  However, "the settlement may be approved

even if the court finds it likely that the trustee would ultimately succeed in the litigation." <u>In re</u>

<u>Austin</u>, 186 B.R. at 400.

### <u>Basis for Relief</u>

19.     The settlement described above represents a fair, reasonable and

negotiated compromise and settlement of disputed issues and claims.  In addition to the inherent

uncertainty of success in the prosecution of the Debtor's claims, serious issues have been raised

with respect to the Debtor's ability to collect any judgment that may ultimately be entered in its

favor against Rutchik.  Consequently, it is possible, if not probable, that the additional cost of

litigation may exceed the amount of any recovery that might accrue to the estate.  As a result, the

Debtor believes that the Settlement Agreement is in the best interests of the Debtor, its estate and

creditors, and should therefore be approved.

### <u>Waiver Of Memorandum of Points and Authorities</u>

20.     This Motion includes citations to applicable statutory authority and a

discussion of their application to this Motion.  The Debtor submits that such citations and

discussion satisfy the requirement imposed by Rule 9013-1 of the Local Bankruptcy Rules for

the Eastern District of Virginia that this Motion be accompanied by a separate memorandum of

law in support of this Motion.

MC1DOCS1#332297

**<u>No Previous Request</u>**

21.     No previous motion seeking the relief requested herein has been made by

the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order

(i) approving the Settlement Agreement, (ii) authorizing the Debtor to take any and all actions

reasonably necessary to consummate the Settlement Agreement, and (iii) granting the Debtor

such other relief as is just and appropriate.


Dated: August 11, 2011                          */s/ Lawrence A. Katz*
                                                Lawrence A. Katz  (VSB No. 47664)
                                                VENABLE LLP
                                                8010 Towers Crescent Drive, Suite 300
                                                Vienna, Virginia 22182
                                                Telephone:  (703) 760-1600
                                                Facsimile:  (703) 821-8949
                                                lakatz@venable.com

                                                *Counsel to AirOcare, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August, 2011, a copy of the foregoing Motion for an Order Approving Settlement Agreement between the Debtor and Stuart N. Rutchik was sent, via first class U.S. mail postage prepaid and/or electronic transmission, to the parties named below.

Robert H.B. Cawood
Mason & Cawood, P.A.
91 Cathedral Street, Suite 200
Annapolis, MD 21401

Craig M. Palik
James Greenan
McNamee, Hosea, Jernigan, Kim, et al.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

Joseph Guzinski
Michael Tully Driscoll
Office of the United States Trustee
115 S. Union Street, Room 210
Alexandria, VA  22314

Robert K. Coulter
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

Christine N. Johnson
Protas, Spivok & Collins, LLC
4330 East West Highway, Suite 900
Bethesda, MD 20814

Martin C. Conway
Pesner Kawamoto Conway, PLC
7926 Jones Branch Drive, Suite 930
McLean, VA 22102

Alan Rosenblum
Rosenblum & Rosenblum, LLC
228 South Washington Street, Suite 300
Alexandria, VA 22314

Terrance Woodbridge
107 Parkcanyon Lane
Cary, NC  27519

William Chambers
10229 Cedar Pond Drive
Vienna, VA  22182

Stuart Rutchik
13628 Spinning Wheel Drive
Germantown, MD 20874

Ronald B. Mazie,
as Trustee of the AirOcare Benefits
Trust
17216 Blossom View Drive
Olney, MD  20832

*/s/ Lawrence A. Katz*
Lawrence A. Katz